STATE v. CHESTER GODWIN.

(Filed 20 January, 1967.)

**1. Burglary and Unlawful Breakings § 9—**

The burden is upon the State to show that defendant had in his possession an implement or implements of housebreaking enumerated in the statute or coming within the term "implements of housebreaking" within the meaning of the statute, and that such possession was without lawful excuse, in order to sustain a conviction of defendant for that offense. G.S. 14-55.

**2. Same; Burglary and Unlawful Breakings § 8—**

A pistol is not an "implement of housebreaking" within the purview of G.S. 14-55.

**3. Burglary and Unlawful Breakings § 9—**

Evidence tending to show that defendant was a passenger in a car in which implements of housebreaking were found without any evidence that defendant had any control whatsoever over either the automobile or the implements of housebreaking found therein, and no evidence in respect to when, where, or under what circumstances defendant entered the automobile, or disclosing his relationship or association with the driver thereof, *is held* insufficient to be submitted to the jury in prosecution of defendant for possession of implements of housebreaking without lawful excuse.

APPEAL by defendant from *Armstrong, J.*, 29 August 1966 Criminal Session of GUILFORD (Greensboro Division).

Criminal prosecution on an indictment charging defendant on 18 February 1966 with feloniously having in his possession, without lawful excuse, two pry bars, one brace and bit, one saw, one .32-caliber automatic pistol, three flashlights, cotton and leather gloves, and ladies' hose, implements of housebreaking. G.S. 14-55.

Defendant is an indigent and was represented by his court-appointed attorney, E. L. Alston, Jr. Plea: Not guilty. Verdict: Guilty as charged in the indictment.

From a judgment of imprisonment for not less than three years nor more than five years, defendant appeals.

*Attorney General T. W. Bruton, Assistant Attorney General George A. Goodwyn, and Assistant Attorney General Millard R. Rich, Jr., for the State.*

*Alston, Alexander, Pell & Pell by E. L. Alston, Jr., for defendant appellant.*

PARKER, C.J. The State's evidence shows the following facts: Before 4 a.m. on 18 February 1966, Lt. E. C. Arrington, of the Guilford County sheriff's department, with an officer in the car with him, was patrolling on Whitsett Road, about two miles from Mt. Hope Church, looking for a 1962 white Chevrolet automobile for which he had an "alert." About 4 a.m. as he was sitting at an intersection about two miles from Mt. Hope Church, a 1962 white Chevrolet automobile passed his patrol car going east on Whitsett Road. He gave chase at a speed of 85 miles an hour with a blue light flashing on top of his patrol car and stopped the Chevrolet in approximately a mile from where it passed him. He saw two occupants in the front seat of the Chevrolet. The road was rather crooked, and going around the second curve the driver threw something out of the automobile. When the Chevrolet pulled to the right and stopped, he got out of his patrol car and proceeded to it. He knew its driver, Charles Holt, and he knew the passenger in it, who was Chester

Godwin, the defendant here. Holt owned the Chevrolet. Holt said he did not have a driver's license. When he was talking to Holt, who had stepped out of the Chevrolet, he noticed an end of a barrel of a pistol protruding from beneath the body of defendant. He asked him to step out of the car, and he dropped his hands down in his lap. Arrington told him, "Don't reach for that pistol you are sitting on or I'll shoot you." He drew his pistol on defendant. Defendant raised his hands and said, "I'm not going to shoot anybody," and got out of the automobile and came around to the back of it. After defendant got out of the automobile, Arrington saw a .32-caliber Standish automatic pistol where he had been sitting. Arrington saw in the front of the automobile a hand lantern, two flashlights, some gloves, and a pair of ladies' hose. He saw in the back of the automobile a quantity of meat packaged in clear cellophane wrappers, groceries, and beer. The groceries and meat were of the value of about one hundred dollars, and the meat was marked with Winn-Dixie price stickers. The magazine of the automatic pistol was loaded, but there was no bullet in the barrel. He carried Holt and defendant to the sheriff's department, and the officer with him drove the Chevrolet there. A warrant was obtained for Holt for driving an automobile without a license, and a warrant for defendant for carrying a concealed weapon.

Paul H. Gibson, an employee of the sheriff's department of Guilford County, shortly after 8 a.m. on 18 February 1966, found a 1962 white Chevrolet automobile parked in the parking lot behind the courthouse. It was in the custody of the sheriff's department. He saw in the Chevrolet from the outside a large quantity of meat, groceries, and beer, and in the front of the automobile some packages of men's underwear, some flashlights, gloves, and ladies' hose. While he was in the parking lot, two or three officers came up and opened the trunk of the Chevrolet. He saw in the trunk a brace and bit and pinch bar, and a sock and a screwdriver. Another screwdriver was found in the glove compartment. The bit was rusty and dirty. The brace was also rusty, particularly the working parts. The metal part of the screwdriver was also rusty.

Holt is a plumber, and works at his trade.

Defendant introduced no evidence. He assigns as error the denial of his motion for judgment of compulsory nonsuit of the State's case made at the close of the State's evidence.

G.S. 14-55, under which the indictment is drawn, provides in relevant part: "If any person . . . ; shall be found having in his possession, without lawful excuse, any pick-lock, key, bit or other implement of housebreaking; . . . such person shall be guilty of a felony. . . ." G.S. 14-55 defines three separate offenses,

and the part of the statute we have quoted is a separate offense. *S. v. Morgan,* 268 N.C. 214, 150 S.E. 2d 377; *S. v. Garrett,* 263 N.C. 773, 140 S.E. 2d 315.

In a prosecution under the provisions of G.S. 14-55 quoted above, the burden is on the State to show two things: (1) That the person charged was found having in his possession an implement or implements of housebreaking enumerated in, or which come within the meaning of the statute quoted above, and (2) that such possession was without lawful excuse. *S. v. Morgan, supra; S. v. Boyd,* 223 N.C. 79, 25 S.E. 2d 456. In the *Boyd* case there is a most interesting account of the historical background leading up to the enactment by the General Assembly of the statute now codified as G.S. 14-55.

The Chevrolet automobile, when it was stopped by Lt. E. C. Arrington about 4 a.m. on 18 February 1966, was being driven at the time by its owner, Charles Holt, a plumber by trade, who works at his trade. At the time defendant was a passenger in the Chevrolet, and was sitting on the front seat. There is no evidence in respect to when, where, or under what circumstances defendant entered the Chevrolet. Nothing is shown respecting defendant's relationship or association with Holt. On the record before us he was a mere passenger in the Chevrolet. When the Chevrolet was stopped, Lt. Arrington saw in the front of the automobile a hand lantern, two flashlights, some gloves, and a pair of ladies' hose, and in the back of the automobile a quantity of meat packaged in clear cellophane wrappers, groceries, and beer, and an automatic pistol beneath defendant. Obviously, a pistol is not an "implement of housebreaking" within the intent and meaning of the section quoted above from G.S. 14-55. About 8 a.m. on 18 February 1966 the trunk in the back of this Chevrolet was opened when it was in the custody of the sheriff's department parked in a parking lot behind the courthouse, and there was found in the trunk a brace and bit, a pinch bar, a sock, and a screwdriver, and another screwdriver was found in the glove compartment. There is no evidence that defendant had any control whatever over either the automobile or the articles in it specified above, except probably the pistol. The evidence in the record before us does not support the hypothesis of joint possession by defendant and Holt of the articles found in the car.

What is said in *S. v. Ferguson,* 238 N.C. 656, 78 S.E. 2d 911, is relevant and controlling here. In that case evidence disclosing that nontaxpaid intoxicating liquor was found unconcealed on the floor board back of the front seat of the automobile is sufficient to be submitted to the jury as to the guilt of the driver and of the passenger in the car in whose name the vehicle was registered, but as to other passengers in the car it is insufficient in the absence of any

evidence of joint possession or control of the automobile or the non-taxpaid liquor found in it. In that case the Court said:

> "However, we are constrained to the view that the evidence does not make out a *prima facie* case against Pringler Ferguson. The evidence is silent in respect to when, where, or under what circumstances Pringler Ferguson entered the car. Nothing is shown respecting his or her relationship or association with the other occupants of the car — it does not even appear whether Pringler Ferguson is male or female. On this record he or she was a mere passenger in the automobile. That is not enough. To hold a mere passenger, knowledge of the presence in the automobile of contraband whiskey is insufficient. *S. v. Meyers, supra* [190 N.C. 239, 129 S.E. 600]. See also *S. v. Ham, ante*, 94, 76 S.E. 2d 346. The evidence must be sufficient to support an inference of some form of control, joint or otherwise, over the automobile or the liquor. *S. v. Meyers, supra;* 48 C.J.S., Intoxicating Liquors, Sections 222 (b), 281, 346 and 376. There is no evidence that Pringler Ferguson had any control whatsoever over either the liquor or the automobile. The evidence does not support the hypothesis of joint possession of the liquor. See *S. v. Lee,* 164 N.C. 533, 80 S.E. 405."

After a careful study of the evidence, we are of the opinion, and so hold, that the evidence in the record before us merely raises a suspicion or conjecture in respect to defendant's guilt as charged in the indictment, and the case should not have been submitted to the jury. *S. v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431. The Attorney General with his customary frankness states in his brief that the State's evidence is "admittedly weak."

The denial of defendant's motion for judgment of compulsory nonsuit is

Reversed.