STATE OF NORTH CAROLINA v. ROBERT LOUIS STYLES

No. 6825SC258

(Filed 11 December 1968)

1. **Burglary and Unlawful Breakings § 9— elements of unlawful possession of implements of housebreaking**

   In a prosecution under G.S. 14-55, the State has the burden of showing (1) defendant's possession of an implement of housebreaking which is enumerated in or which comes within the meaning of the statute, and (2) that such possession was without lawful excuse.

2. **Burglary and Unlawful Breakings § 10— prosecution for unlawful possession of burglary tools — nonsuit**

   In a prosecution for unlawful possession of implements of housebreaking, defendant's motion for nonsuit was properly denied where the State's evidence tended to show that defendant escaped from a jail cell by picking the lock, that when defendant was arrested a leather case containing ten homemade lock-picking devices was found in the room occupied by defendant, and that the devices had no use other than for opening locks.

APPEAL by defendant from *Ervin, J.,* at the 13 November 1967 Session of BURKE Superior Court.

Defendant was charged at the February 1964 Session by indictment proper in form with having in his possession, on 21 November 1963, "without lawful excuse, implements of housebreaking, to wit: three lock picks, one skeleton key, two tension bars and four other lock picking devices, in violation of G.S. 14-55."

Pertinent facts appear in the opinion. Defendant was represented at trial by court-appointed counsel, was found guilty by a jury, and was given an active prison sentence of not less than three nor more than five years, sentence to begin at the expiration of any and all sentences being served by the defendant in the State prison system, including a four-months sentence for escape imposed in Burke County in July 1967, a twelve-months sentence for escape imposed in Halifax

county in September 1967, and two other cases from Burke County. Defendant appealed.

*Attorney General T. Wade Bruton and Staff Attorney Mrs. Christine Y. Denson for the State.*

*Wheeler Dale for defendant appellant.*

BRITT, J.

The sole assignment of error brought forward and argued in defendant's brief is the failure of the trial court to sustain his motions for nonsuit.

G.S. 14-55, under which defendant was indicted, provides as follows:

> "* * * If any person shall be found armed with any dangerous or offensive weapon, with the intent to break or enter a dwelling, or other building whatsoever, and to commit a felony or other infamous crime therein; or shall be found having in his possession, without lawful excuse, any pick-lock, key, bit or other implement of housebreaking; or shall be found in any such building, with intent to commit a felony or other infamous crime therein, such person shall be guilty of a felony and punished by fine or imprisonment in the State's prison, or both, in the discretion of the court."

Defendant is charged with possession of certain specific items condemned by the statute, therefore, it is not necessary for the court to determine whether tools or implements that have legitimate purposes were being possessed for an illegitimate purpose as was the case in *State v. Morgan,* 268 N.C. 214, 150 S.E. 2d 377.

[1] The gravamen of the offense charged in the bill of indictment in the instant case is the possession of burglar's tools without lawful excuse, and the burden is on the State to show two things: (1) That the person charged was found having in his possession an implement or implements of housebreaking enumerated in, or which come within the meaning of the statute; and (2) that such possession was without lawful excuse. *State v. Boyd,* 223 N.C. 79, 25 S.E. 2d 456; *State v. Vick,* 213 N.C. 235, 195 S.E. 779. In the light of these principles, we review briefly pertinent portions of the State's evidence.

[2] Bob Kester of the Spruce Pine Police Department testified that on 26 October 1963, just before midnight, defendant was in custody in the Spruce Pine Jail; that approximately three hours later, the door to the cell in which defendant was imprisoned was found

open, the Yale lock used to lock the cell was hanging on the door, and the defendant was gone. Mr. Kester obtained a warrant for defendant, charging him with escape, and next saw the defendant in Burke County at the home of Martha Silver on 21 November 1963 at about 6:30 a.m.

Robert Emerson, as a witness for the State, testified substantially as follows: From July 1963 until the date of trial, he was employed by the State Bureau of Investigation. On 21 November 1963, at about 6:30 a.m., in the company of Officer Kester of the Spruce Pine Police Department, two Burke County deputies sheriff and other officers, and armed with a warrant for the arrest of the defendant charging him with breaking and entering and larceny in Mitchell County, he went to the home of Martha Silver in Burke County. One of the officers knocked on the door, after which Martha Silver along with the defendant came to the door and admitted the officers. Mr. Emerson placed defendant under arrest and went into a bedroom which defendant was occupying and read the warrant to him. The defendant began dressing and the witness watched him dress, carefully observing what was going into his pockets. There was a dresser near the bed and defendant was dressing immediately beside the dresser. On top of the dresser were a ring, a watch, and some change which defendant began putting into his pockets. Also on the dresser along with the items mentioned was a small, leather key case with a zipper across the top. Mr. Emerson took the case and in it found ten lock-picking devices which were introduced in evidence. The witness described the manner in which the various items could be used to pick a lock, stating that he (the witness), by using some of the items, was able to open the padlock that was on the Spruce Pine Jail cell door when defendant escaped. In the Silver yard at the time defendant was arrested was a 1955 Ford automobile which had been stolen in Buncombe County shortly after the defendant escaped from the Spruce Pine Jail. The items in the leather key case were homemade and had no use other than for opening locks.

On cross-examination, Mr. Emerson testified that defendant told him on one occasion that he found the items in an automobile which he had stolen; defendant later told him that he stole the items from someone whose name he would not give.

[2]   We hold that the evidence was ample to withstand the motions for nonsuit and to support the jury's verdict of guilty. We have

carefully reviewed the record and find that the defendant had a fair trial, free from prejudicial error.

No error.

BROCK and PARKER, JJ., concur.