STATE OF NORTH CAROLINA v. DEVOYD EUGENE GLAZE

No. 7429SC840

(Filed 4 December 1974)

1. Criminal Law § 84; Searches and Seizures § 2— consent to search — burden of showing voluntariness
    When a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was in fact voluntarily given and was not the result of duress or coercion, express or implied.

2. Criminal Law § 84; Searches and Seizures § 2— consent to search — absence of specific finding of voluntariness — sufficiency of findings
    The trial court's findings were adequate to show defendant's voluntary consent to a search of his automobile, although they do not refer specifically to the voluntariness of consent, where the court found that an officer asked defendant if he could search defendant's car, to which defendant replied "I don't care," that the officer made no promises or threats to defendant, that defendant understood what the officer said to him, and that defendant was not placed under arrest before the search was conducted.

3. Burglary and Unlawful Breakings § 10— possession of burglary tools — testimony that tools not required by defendant's employment
    In a prosecution for unlawful possession of burglary tools, testimony by two officers that defendant was not engaged in any employ-

State v. Glaze

ment requiring the use of the tools found in his car did not constitute prejudicial error.

**4. Burglary and Unlawful Breakings § 10— possession of burglary tools — automobile driven but not owned by defendant**

   In a prosecution for possession of burglary tools, evidence that the tools were found under the hood of an automobile defendant was driving but did not own was sufficient to raise an inference of knowledge and possession and to carry the case to the jury.

APPEAL by defendant from *Martin (Harry C.), Judge,* 20 May 1974 Session of Superior Court held in RUTHERFORD County. Argued before the Court of Appeals 21 November 1974.

Defendant, Roy Lee Ledford, Howard Mashburn, and Kenneth Larry Stafford were arrested for possession of burglary tools. At trial a plea of not guilty was entered by the defendant, and a verdict of guilty as charged was returned. From an active sentence of not less than five years nor more than seven years imposed thereon, the defendant gave notice of appeal to this Court.

On 29 October 1973 at 3:00 a.m., Carol Guest, Deputy Sheriff of Rutherford County, saw a 1971 Maverick backed against the steps of the Tri-Community Drugstore in Henrietta. Guest later stopped the car. Inside were the defendant, who was driving, and three companions. Guest asked each for identification and returned to his car to radio for assistance. Keith Mitchem, Deputy Sheriff of Rutherford County, arrived, and Guest returned to the Maverick to ask defendant's permission to search the car for burglary tools. Defendant opened the trunk, but Guest found nothing. On *voir dire* Guest testified:

> "After I looked in the trunk we stepped back around to the side of the vehicle and I asked Mr. Glaze if he would mind for me to look under the hood and Mr. Glaze stated something like 'I don't care,' and got back in the car and sat down."

Guest found, under the hood, various burglary tools including two hammers, one pick, one pick handle, gloves, one brace and bit, one file, two wood bits, one screwdriver, one flashlight, one pair of tin snips, one pair of wire cutters, two saw blades, and one mechanical mirror.

After defendant testified on *voir dire* that he had not given Guest permission to look under the hood, the trial judge made findings of fact concluding that defendant had consented to the search; that none of defendant's constitutional rights had been violated; and that the fruits of the search were competent and admissible. When the jury returned, Guest described the items which had been seized in the search.

Keith Mitchem, Deputy Sheriff of Rutherford County, testified for the State and substantiated Deputy Guest's testimony. Alex Williams and Bert Homesley, police officers with the Gaston County Rural Police, were allowed to testify before the jury after examination on *voir dire*. Williams stated that he had known the defendant for ten to twelve years, and, during this time, he had never known the defendant to be engaged in any kind of employment requiring the use of the tools found under the hood of the car. Homesley made similar statements.

Defendant testified only on *voir dire*, stating that he had not consented to the search of the car. Defendant also stated that he was not the owner of the car, but had found the keys in the car which was parked in his front yard. He offered no evidence before the jury.

From a verdict of guilty as charged, defendant appeals, setting forth ten assignments of error.

*Attorney General Carson, by Associate Attorney Wallace, for the State.*

*Robert C. Powell, for the defendant-appellant.*

BROCK, Chief Judge.

Because the findings of fact made by the trial judge do not specifically deal with the issue of the voluntariness of defendant's consent to the search of the car, defendant contends that they are insufficient to hold the fruits of the search admissible.

[1] "When a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given." *Bumper v. North Carolina,* 391 U.S. 543, 548, 88 S.Ct. 1788, 20 L.Ed. 2d 797. When consent is achieved through implicit coercion, by implied threat or covert force, it is "no more than a pretext for the unjustified police intrusion against which the Fourth Amendment is directed." *Schneckloth v. Bustamonte,* 412 U.S. 218,

State v. Glaze

228, 93 S.Ct. 2041, 36 L.Ed. 2d 854. Thus, the Fourth and Fourteenth Amendments require a demonstration "that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied." *Schneckloth v. Bustamonte, supra* at 248, 93 S.Ct. 2041, 36 L.Ed. 2d 854.

[2]   In the case at bar the trial judge set forth the circumstances surrounding Deputy Guest's search of the car: that Guest asked defendant if he could search the car, to which defendant replied "I don't care," or words to that effect; that Guest made no promises or threats to defendant; that defendant understood what Guest said to him; and that defendant was not placed under arrest before the search was conducted.

While we believe that it is better practice for findings of fact to refer specifically to the voluntariness of consent to a search, it is our opinion that the findings of fact questioned by defendant are adequate to show defendant's voluntary consent to the search. Specific findings of voluntariness are not constitutionally required, but any finding of voluntariness must be supported by competent evidence. "Voluntariness is a question of fact to be determined from all the circumstances, and while the subject's knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent." *Schneckloth v. Bustamonte, supra* at 248, 249, 93 S.Ct. 2041, 36 L.Ed. 2d 854. The defendant's first assignment of error is overruled.

[3]   Defendant, by his seventh assignment of error, argues that the testimony of Gaston County Rural Policemen Williams and Homesley, that defendant was not engaged in any employment requiring the use of the tools found in the search, constituted prejudicial and reversible error. The State concedes that this portion of the officers' testimony was irrelevant and "far afield" of the purpose for which the officers were allowed to testify. However, we believe that this testimony does not rise to the level of prejudicial and reversible error.

To be relevant, evidence must have a logical tendency to prove the fact at issue in the case. *State v. Arnold,* 284 N.C. 41, 199 S.E. 2d 423. The testimony of the officers in regard to the lack of defendant's need for these tools in his employment may be competent evidence of possession of burglary tools without lawful excuse within G.S. 14-55. Certainly no lawful excuse for

their possession appears from the evidence, and defendant undertook to show none. We are persuaded that the jury would not have reached a different verdict had the evidence been excluded. This assignment of error is overruled.

[4] Defendant, by his eighth assignment of error, argues that his motions for nonsuit made at the end of the State's evidence and at the end of all the evidence should have been granted. He argues that the evidence in this case shows only that the burglary tools were found under the hood of a car which defendant was driving, but did not own. Had defendant owned the car, this would create an inference that defendant was in constructive possession of the tools, as "[o]ne who has the requisite power to control and intent to control access to and use of a vehicle . . . has also the possession of the known contents thereof." *State v. Eppley,* 282 N.C. 249, 254, 192 S.E. 2d 441. Because the owner of the car could have placed the burglary tools under the hood of the car, defendant contends the inference should not be allowed in this case. We disagree.

The driver of a borrowed car, like the owner of the car, has the power to control the contents of the car. Thus, where contraband material is under the control of an accused, even though the accused is the borrower of a vehicle, this fact is sufficient to give rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury. The inference is rebuttable, and if the owner of a vehicle loans it to an accused without telling him what is contained within the vehicle, the accused may offer evidence to that effect and thereby rebut the inference.

In the case at bar defendant offered no evidence concerning his knowledge of the contents of the car. In fact, the evidence indicates that defendant had control over the car and its contents. We believe, accordingly, that the State may overcome a motion for nonsuit by presenting evidence which places the accused within such close juxtaposition to the contraband as to justify the jury in concluding that the contraband was in the accused's possession. *State v. Harvey,* 281 N.C. 1, 187 S.E. 2d 706. Defendant's motion for nonsuit was properly denied. This assignment of error is overruled.

We have carefully considered defendant's seven remaining assignments of error and find them to be without substantial merit.

In our opinion defendant had a fair trial free from prejudicial and reversible error.

No error.

Judges CAMPBELL and HEDRICK concur.