STATE OF NORTH CAROLINA v. ROY LEE LEDFORD AND HOWARD MASHBURN

No. 7429SC882

(Filed 5 February 1975)

**Burglary and Unlawful Breakings § 10— burglary tools — failure to show constructive possession — nonsuit proper**

The State in a prosecution for possession of burglary tools can overcome a motion for nonsuit by presenting evidence which places the accused within such close juxtaposition to the contraband as to justify the jury's concluding that the contraband is in the accused's possession; however, the State in this case showed only that defendants were passengers in a vehicle driven by another who was convicted for possession of burglary tools found under the hood, and there was no evidence that either defendant was acting in concert or that they were *particeps criminis*.

State v. Ledford

ON *certiorari* to review a trial before *Martin (Harry C.), Judge,* 20 May 1974 Session of Superior Court held in RUTHER-FORD County. Heard in the Court of Appeals 20 January 1975.

Defendants were arrested for possession of burglary tools. Pleas of not guilty were entered by the defendants, and verdicts of guilty were returned. From active sentences imposed thereon, defendants appealed to this Court.

On 29 October 1973 at 3:00 a.m., Carol Guest, Deputy Sheriff of Rutherford County, saw a 1971 Maverick parked near the steps of the Tri-Community Drugstore in Henrietta. Twenty minutes later Guest saw a similar car at the post office. When he approached the car, it pulled away and proceeded onto a road where it passed through a traffic light. Guest stopped the car. Inside were Devoyd Eugene Glaze, who was driving, Kenneth Larry Stafford, and the defendants. Guest asked each for identification and returned to his car to radio for assistance. Keith Mitchem, Deputy Sheriff of Rutherford County, arrived, and Guest returned to the Maverick to ask Glaze's permission to search the car for burglary tools. Glaze opened the trunk, but Guest found nothing. On *voir dire* Guest testified:

> "After I looked in the trunk we stepped back around to the side of the vehicle and I asked Mr. Glaze if he would mind for me to look under the hood and Mr. Glaze stated something like 'I don't care,' and got back into the car and sat down."

Guest found, under the hood, various burglary tools including two hammers, one pick, one pick handle, gloves, one brace and bit, one file, two wood bits, one screwdriver, one flashlight, one pair of tin snips, one pair of wire cutters, two saw blades, and one mechanical mirror.

The trial judge made findings of fact concluding that Glaze had consented to the search; that the search did not violate the defendants' constitutional rights; and that the fruits of the search were competent and admissible.

Keith Mitchem, Deputy Sheriff of Rutherford County, testified for the State and substantiated Guest's testimony. Alex Williams and Bert Homesley, police officers with the Gaston County Rural Police, were allowed to testify after examination on *voir dire*. Williams stated that he had known Ledford for five years and defendant Mashburn for eight years, and, during this

time, had never known either of the defendants to be engaged in any kind of employment requiring the use of the tools found under the hood of the car. Homesley made similar statements.

Defendants offered no evidence.

*Attorney General Edmisten, by Assistant Attorney General Zoro Guice, Jr., for the State.*

*J. H. Burwell, for defendant-appellant Roy Lee Ledford.*

*Robert L. Harris, for defendant-appellant Howard Mashburn.*

BROCK, Chief Judge.

By way of their fourth assignment of error, defendants contend that the trial court erred when it denied their motions for nonsuit. The fact that there was no evidence that defendants had control over or knowledge or possession of the burglary tools found under the hood is the crux of their contention.

In *State v. Glaze,* 24 N.C. App. 60, 210 S.E. 2d 124, arising out of these same facts, we upheld the conviction of the driver of the 1971 Maverick in which defendants were passengers. There we held that the State could overcome a motion for nonsuit by presenting evidence which placed the accused within such close juxtaposition to the contraband as to justify the jury's concluding that the contraband was in the accused's possession. Glaze, as the driver of the car, had control of its contents, a fact sufficient to give rise to a rebuttable inference of knowledge and possession sufficient to take the case to the jury.

We decline, however, to apply the same principles to defendants. Taking the evidence in the light most favorable to the State, all that is shown is that defendants were passengers in the vehicle driven by Glaze. There is no evidence that any of the defendants was acting *in concert* or that they were *particeps criminis.* In *State v. Godwin,* 269 N.C. 263, 152 S.E. 2d 152, an accused was charged with the possession of burglary tools without lawful excuse when he was stopped while riding in an automobile driven by its owner. When the trunk of the automobile was opened on the following day, various burglary tools were found. After reviewing all the evidence, the court reversed the denial of the accused's motion for nonsuit on the ground that "[t]here [was] no evidence defendant had any control over

either the automobile or the articles in it. . . . " 269 N.C. at 266. This Court reached a similar conclusion in *State v. Franklin* and *State v. Hughes,* 16 N.C. App. 537, 192 S.E. 2d 626, in respect of an accused who was shown to be only a passenger in a stolen automobile.

The question of constructive possession has been considered in other jurisdictions upon similar facts. *See generally,* Annot., 33 A.L.R. 3d 798 (1970). Thus, it has been held that if tools are deposited in some place mutually agreed upon by implication of the facts, and to which any number of persons can resort, then a court could find that all the persons had constructive possession of the tools. *People v. Birnbaum,* 208 App. Div. 476, 203 N.Y.S. 697 (1924). In a case from another jurisdiction involving an automobile, defendant-driver and two occupants of a car were stopped, and the car was found to contain burglary tools. The defendant contended that the tools were owned by and were in the possession of one of the passengers. However, the court found that ownership was immaterial and possession unnecessary since two persons could have constructive possession or one could have actual possession and the other constructive possession, where both have power of control and intent to control jointly. *Phillips v. State,* 154 Neb. 790, 49 N.W. 2d 698 (1951). The offense of possessing implements of housebreaking does not require the proof of "intent" in North Carolina. *State v. Vick,* 213 N.C. 235, 195 S.E. 779. Thus, we believe that the State need not always prove an actual possession, but may show constructive possession by circumstantial evidence. *Compare Johnson v. State,* 246 Miss. 182, 145 So. 2d 156, *appeal dismissed and cert. denied,* 372 U.S. 702, 83 S.Ct. 1018, 10 L.Ed. 2d 125 *with Sullivan v. State,* 254 So. 2d 762 (Miss. 1971).

The State, in the case at bar, has failed to show anything other than the fact that defendants were mere passengers in the vehicle driven by Glaze. Although the evidence raises a suspicion of defendants' guilt, this is not enough. Defendants' motions for nonsuit should have been granted.

Reversed.

Judges BRITT and CLARK concur.