STATE OF NORTH CAROLINA v. EDDIE WILSON SEARCY AND CHARLES TEAGUE

No. 7829SC136

(Filed 20 June 1978)

1. **Burglary and Unlawful Breakings § 10.3— possession of burglary tools—insufficiency of evidence**

     In a prosecution for possession of burglary tools, one defendant's motion for nonsuit should have been allowed where the only evidence linking defendant to the contraband was that he was a passenger in the vehicle in which contraband was found.

2. **Burglary and Unlawful Breakings § 10.3— possession of burglary tools—contraband found in car—defendant as driver—sufficiency of evidence**

　　Evidence was sufficient for the jury in a prosecution for possession of burglary tools where it tended to show that defendant was the driver of the car in which the contraband was found.

3. **Burglary and Unlawful Breakings § 10— indictment—mixture of two offenses charged—indictment insufficiently clear**

　　An indictment which charged that defendant "did feloniously have in his possession a dangerous and offensive weapon, to wit: a handgun, and did also have in his possession, without lawful excuse, a mask, a 14 inch prybar, two pairs of gloves, two card board boxes and one pair of bolt cutters, for the purpose of Breaking and Entering a building . . ." contained a mixture of the first two offenses defined by G.S. 14-55 and was therefore not sufficiently clear to allow defendant to understand the offense with which he was charged.

APPEAL by defendants from *Gavin, Judge*. Judgment entered 4 August 1977, in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 1 June 1978.

Defendants were charged in bills of indictment which stated that each

". . . unlawfully and wilfully did feloniously have in his possession a dangerous and offensive weapon, to wit: a handgun, and did also have in his possession, without lawful excuse, a mask, a 14 inch prybar, two pairs of gloves, two card board boxes and one pair of bolt cutters, for the purpose of Breaking and Entering a building occupied by Cliffside Pharmacy, Inc. a Corp located on North Main Street in Cliffside, North Carolina."

The defendants were arraigned, and both entered pleas of not guilty.

At trial, the State's evidence tended to show that Deputy Sheriff McEntyre of the Rutherford County Sheriff's Department, while on patrol at 2:00 a.m. on 19 September 1976, observed a 1964 Mustang parked in front of a closed drug store. The driver of the Mustang drove away when the deputy shined a light on it. McEntyre stopped the vehicle and discovered that defendant Searcy was driving and that defendant Teague was in the right front seat. Donald Ervin, who said he was the owner of the vehicle, was in the rear seat. Ervin denied McEntyre's request to search, but then consented after McEntyre called Lieutenant Car-

roll Guest to the scene. The items enumerated in the indictments were found in the passenger areas, front and back seats of the vehicle.

Defendants put on no evidence. The jury returned guilty verdicts, and defendants were sentenced to ten years imprisonment. They appealed.

*Attorney General Edmisten, by Assistant Attorney General Isaac T. Avery III, for the State.*

*Robert L. Harris for defendant appellant Searcy.*

*Carroll W. Walden, Jr., for defendant appellant Teague.*

ARNOLD, Judge.

[1] Both defendants argue that their motions for nonsuit should have been allowed. Defendant Teague argues that he was a mere passenger in the Mustang; that there was no evidence of how he entered the Mustang or of his relationship to the driver or the owner; and that there was no evidence that he had control over either the vehicle or the gun. We agree with defendant Teague that there was no evidence that he was acting in concert or that he was *particeps criminis*. In the case of *State v. Ledford*, 24 N.C. App. 542, 211 S.E. 2d 532 (1975), the fact that contraband was found under the hood of the car is not a significant difference to distinguish it from the case at bar. Here, as in *Ledford*, defendant Teague was shown only to be a passenger of the vehicle in which contraband was found. There being no other evidence linking Teague to the contraband, defendant Teague's motion for nonsuit should have been allowed.

[2] Defendant Searcy's motion, however, was properly denied. In *State v. Glaze*, 24 N.C. App. 60, 210 S.E. 2d 124 (1974), this Court held that the State could overcome a motion for nonsuit by presenting evidence placing the accused within such proximity to the contraband as to justify the jury's conclusion that the contraband was in the accused's possession. In *Glaze*, the Court found that defendant, as driver of the vehicle, had control of its contents, a fact sufficient to give rise to a rebuttable inference of knowledge and possession sufficient to take the case to the jury. As to defendant Searcy, the driver in the present case, the *Glaze* case is apposite, and his motion for nonsuit was properly denied.

[3] Defendant Searcy also assigns as error the trial court's denial of his motion to set aside the verdicts and to arrest judgment. He argues that the bill of indictment upon which he was tried charges two separate offenses and that it is too uncertain to identify the offense under G.S. 14-55 with which he was charged. We agree.

G.S. 14-55 makes three separate offenses felonies:

"If any person shall be found armed with any dangerous or offensive weapon, with the intent to break or enter a dwelling, or other building whatsoever, and to commit any felony or larceny therein; or shall be found having in his possession, without lawful excuse, any picklock, key, bit, or other implement of housebreaking; or shall be found in any such building, with intent to commit any felony or larceny therein, such person shall be guilty of a felony . . . ."

The indictment, which has already been quoted, contains a mixture of the first two offenses defined by G.S. 14-55. We find that it is not sufficiently clear to allow defendant to understand the offense with which he was charged. Our reversal of the trial court's ruling on the arrest of judgment motion does not, however, preclude defendant's retrial for offenses charged under a proper bill of indictment.

As to defendant Teague, reversed.

As to defendant Searcy, judgment arrested.

Judges BRITT and ERWIN concur.