STATE OF NORTH CAROLINA v. PHILLIP S. ROBERTS

No. 8624SC361

(Filed 16 September 1986)

1. **Searches and Seizures § 18— driver properly stopped for traffic violation—consent to search vehicle—items properly admitted**

Items and tools taken from the car which defendant was driving were properly admitted into evidence where defendant failed to dim his lights as he drove toward a deputy sheriff; the officer turned around, followed defendant, and noticed that he was driving in an erratic manner; this traffic violation in the officer's presence justified stopping defendant, requesting a routine driver's license check, and ordering defendant to exit from the vehicle; as a result of the license check, the deputy was notified that defendant was suspected of possessing an automatic weapon; after performing a proper frisk search on defendant, the deputy requested and received permission to search the vehicle from both defendant as operator and his codefendant as owner; and it was pursuant to this consensual search that the deputy discovered the items and tools.

**2. Burglary and Unlawful Breakings § 10.2— possession of housebreaking tools— driver but not owner of car in which tools found—admissibility of evidence**

In a prosecution of defendant for felonious possession of implements of housebreaking, there was no merit to defendant's contention that the trial court should have granted his motions to dismiss because he was operating a vehicle when implements were found therein, but he was not the owner and thus was not chargeable with knowledge of the presence of the items and tools.

**3. Constitutional Law § 72; Criminal Law § 74.2— codefendant's confession—co- defendant's refusal to testify—admission of confession improper**

The trial court erred in allowing the State to introduce a statement from an unavailable codefendant which implicated defendant because the statement was violative of the hearsay rule and of defendant's right of confrontation, since the codefendant asserted his Fifth Amendment privilege against self-in- crimination and was thus unavailable for cross-examination; the purported con- fession was never reduced to writing, a factor weighing heavily against its reliability; and there was the danger that the codefendant in confessing had a motive to lessen the appearance of his own guilt by spreading the blame.

APPEAL by defendant from *Pachnowski, Judge*. Judgment en- tered 4 December 1985 in AVERY County Superior Court. Heard in the Court of Appeals 29 August 1986.

Defendant was indicted for felonious possession of im- plements of housebreaking in violation of N.C. Gen. Stat. § 14-55. The State's evidence tended to show, in pertinent part, that:

On 11 April 1985 around 11:50 p.m., Deputy Sheriff Warren of the Avery County Sheriff's Department was patrolling High- way 194 in Newland. Defendant was driving a car in the opposite direction down Highway 194. When the two cars approached and passed each other, defendant "failed to dim his lights." Deputy Warren turned around and followed defendant for "approximately a half mile or three-quarters of a mile." Defendant "hit the yellow line a couple of times" and then Deputy Warren stopped him.

Deputy Warren made a routine driver's license check and learned that defendant was suspected of possessing an automatic weapon. Deputy Warren then ordered defendant and his compan- ion to exit the car and performed a frisk search on both of them. After performing the frisk searches, Deputy Warren told them that they were suspected of possessing an automatic weapon and that he needed to search their car. Both men consented to a search of the car. Pursuant to this search, Deputy Warren discov- ered various housebreaking implements in the car.

State v. Roberts

At trial, the State called Jimmy Dale Laney, codefendant of defendant, to testify. After being duly sworn, Laney refused to answer questions on direct examination, exercising his right not to testify under the Fifth Amendment of the United States Constitution. The court then excused Laney from further testimony. The State then introduced, and the court admitted into evidence through the testimony of Detective B. R. Baker, an alleged oral statement by Laney to Detective Baker made during an interview which implicated defendant. Specifically, Detective Baker testified that Laney

> told me that he got up with [defendant] on April the 11th in Tennessee. He told me that [defendant] was standing near the car at that time talking to, to some other person, I don't recall who he said. That he, Mr. Laney, during the time that [defendant] was standing there talking to someone else, that Mr. Laney put the tools in the car in various places in the car, and that he Mr. Laney, and [defendant] came to North Carolina looking for a place to break into.

Defendant was convicted of felonious possession of implements of housebreaking in violation of N.C. Gen. Stat. § 14-55. He appeals from a judgment of imprisonment.

*Attorney General Lacy H. Thornburg, by Associate Attorney General J. Charles Waldrup, for the State.*

*C. Gary Triggs for defendant appellant.*

WELLS, Judge.

[1] Defendant contends that various items and tools should not have been admitted into evidence because the officer had no probable cause to stop the vehicle he was operating and there were no exigent circumstances which justified a warrantless search. However, the State's evidence showed that defendant, as operator of an oncoming vehicle, failed to dim his lights in violation of N.C. Gen. Stat. § 20-181 as he drove toward a deputy sheriff. The deputy turned around and followed defendant, noticed that defendant was driving in an erratic manner, and therefore stopped him. This traffic violation in the officer's presence justified stopping the defendant, requesting a routine driver's license check, and ordering defendant to exit from the vehicle. *See Penn-*

sylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed. 2d 331 (1977). As a result of the license check, the deputy was notified that defendant was suspected of possessing an automatic weapon. After performing a frisk search on defendant as authorized by *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 2d 889 (1968), the deputy requested and received permission to search the vehicle from both defendant, as operator, and his codefendant, as owner. It was pursuant to this consensual search that the deputy discovered the items and tools. When a person consents to a search by law enforcement officers, this consent dispenses with necessity for a search warrant. *State v. Colson*, 274 N.C. 295, 163 S.E. 2d 376 (1968). Accordingly, the items and tools were seized in a constitutionally valid manner and were properly admitted into evidence.

[2]  Defendant contends the court erred in denying his motions to dismiss because the State failed to show that he knew or reasonably should have known of the presence of the implements of housebreaking in and about the car. He admits that he was operating the vehicle when it was stopped, but asserts he was not the owner and thus was not chargeable with knowledge of the presence of these items and tools.

This contention has been resolved against defendant in *State v. Glaze*, 24 N.C. App. 60, 210 S.E. 2d 124 (1974). We hold that the evidence was sufficient to take the case to the jury.

[3]  Finally, defendant contends that the Court erred in allowing the State to introduce into evidence a statement from codefendant Laney, which implicated him, because such statement was violative of the hearsay rule and of his right of confrontation. We agree.

In a recent case, *Lee v. Illinois*, 476 U.S. ---, 106 S.Ct. 2056, 90 L.Ed. 2d 514 (1986), the United States Supreme Court held that the trial court's reliance on a codefendant's uncross-examined confession in finding defendant guilty violated her Sixth Amendment right of confrontation where the confession was not shown to be independently reliable. There, counsel for the State of Illinois contended that defendant Lee's Sixth Amendment right of confrontation had not been violated because her codefendant was unavailable and his statement was "reliable" enough to warrant its untested admission. 476 U.S. at ---, 90 L.Ed. 2d at 525, 106

S.Ct. at 2061. Counsel for the State in *Lee* apparently categorized codefendant's hearsay confession as a declaration against penal interest. 476 U.S. at ---, n. 5, 90 L.Ed. 2d at 528, n. 5, 106 S.Ct. at 2064, n. 5. The Supreme Court rejected Illinois' argument, however, finding that the State had failed to produce "sufficient 'indicia of reliability,' flowing from . . . the circumstances surrounding the confession . . . to overcome the weighty presumption against the admission of such uncross-examined evidence." 476 U.S. at ---, 90 L.Ed. 2d at 530, 106 S.Ct. at 2065.

The facts in the case at hand are quite similar. Here the State sought to introduce codefendant Laney's confession against defendant Roberts as a declaration against penal interest claiming that Laney was unavailable because he had asserted his Fifth Amendment privilege against self-incrimination. N.C. Gen. Stat. § 8C, Rule 804 (Supp. 1981). Laney's assertion of the Fifth Amendment, however, would have also made futile any attempt by defendant to cross-examine him.

Although Detective Baker's rendition of Laney's confession would have explained the presence of housebreaking implements in and about the car defendant was operating, such a correlation does not necessarily make this hearsay confession inherently reliable. Moreover, the purported confession was never reduced to writing, a factor weighing heavily against the statement's reliability. There is the ever-present danger that Laney, in confessing, had a motive "to mitigate the appearance of his own culpability by spreading the blame. . . ." *Lee*, 476 U.S. at ---, 90 L.Ed. 2d at 528, 106 S.Ct. at 2064. These reliability factors simply cannot be tested where, as here, the codefendant making the purported confession cannot be cross-examined.

Accordingly, we find that defendant was denied his Sixth Amendment right of confrontation. Because admission of Laney's confession cannot be deemed harmless beyond a reasonable doubt, we remand this case for a new trial. N.C. Gen. Stat. §§ 15A-1442 (5)(a) and 1443.

New trial.

Judges JOHNSON and MARTIN concur.