STATE OF NORTH CAROLINA v. CHARLES LARRY WOLFE

No. 7517SC315

(Filed 2 July 1975)

1. **Searches and Seizures § 1— heroin in plain view — warrantless seizure proper**

   An officer who saw a transparent plastic bag containing small tinfoil packets on the floorboard on the driver's side of a car while the officer was standing beside the car needed no warrant to seize the contraband which was in plain view.

2. **Criminal Law §§ 34, 96— defendant's guilt of other offense — withdrawal of evidence**

   Defendant was not prejudiced by a State witness's reference to the fact that defendant was on parole for an offense similar to that for which he was being tried where the trial court, immediately after the testimony was given, instructed the jury not to consider it.

3. **Narcotics § 4— heroin in car driven by defendant — sufficiency of evidence of possession**

   In a prosecution for possession of heroin, evidence was sufficient to be submitted to the jury where it tended to show that heroin was found in a car driven but not owned by defendant and defendant had had exclusive control of the car for three days when the heroin was discovered.

APPEAL by defendant from *Lupton, Judge*. Judgment entered 23 January 1975 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 17 June 1975.

Defendant was charged in bills of indictment with possession of heroin, a controlled substance included in Schedule I of the North Carolina Controlled Substances Act. He was found guilty, and a sentence of two years was imposed, with a recommendation that defendant be paroled after serving eight months.

At 3:50 p.m. on 9 October 1974, Roger Fisher, a trooper with the State Highway Patrol, was called to the scene of an accident on N. C. 87. A 1960 Chevrolet was lying upside down in a ditch near the highway. Its driver, the defendant, was sitting in the front seat of an ambulance. He was very upset and nearly hysterical. Soon after Fisher got to the scene of the accident, a wrecker arrived and began to remove the car from the ditch. Fisher directed the wrecker operator to tow the car down the road to relieve the traffic congestion caused by the accident. About one-quarter mile down the road, the wrecker pulled over.

State v. Wolfe

Fisher approached the car and, while standing beside it, noticed a transparent plastic bag containing small tinfoil packets. The bag was lying on the floorboard on the driver's side of the car. Fisher had reasonable grounds to believe that the packets inside the bag might contain illegal substances, so he took possession of the bag. Fisher then contacted the State Bureau of Investigation. The packets contained heroin.

Special Agent W. M. Rigsby of the State Bureau of Investigation later spoke with the defendant at the Rockingham County Jail. The defendant admitted he was the driver of the wrecked car. Although the defendant was not the owner of the car, he had had exclusive control of the car for approximately three days prior to the accident.

Defendant did not offer evidence.

*Attorney General Edmisten, by Associate Attorney David S. Crump, for the State.*

*Benjamin R. Wrenn, for the defendant-appellant.*

BROCK, Chief Judge.

[1] Defendant raises three arguments for our consideration. In his first argument defendant challenges the application of the plain view doctrine to this case. Second, defendant argues that the trial court should have declared a mistrial when it became known that defendant was on parole for a similar offense. Third, defendant argues that his motion for nonsuit should have been granted because there was only circumstantial evidence on which to convict defendant, the evidence having been found in a car operated, but not owned, by him.

Defendant's first argument warrants little discussion. "The constitutional guaranty against unreasonable searches and seizures does not apply where a search is not necessary, and where the contraband subject matter is fully disclosed and open to the eye and the hand." *State v. Harvey,* 281 N.C. 1, 11, 187 S.E. 2d 706 (1972). This doctrine clearly is applicable here. Fisher saw the packets while standing outside the car, looking into it. He needed no warrant. The contraband was in "plain view." This argument is overruled.

**[2]** Defendant contends his motions for mistrial should have been granted when the following responses were elicited from the State's witnesses on cross-examination:

"Q. And you stated that he had sole custody of the vehicle and stated that he had no knowledge of any drugs?

"A. No, sir, we had talked about drugs, the fact that he had just gotten out of prison for drugs."

\* \* \*

"Q. What did he say when Mr. Rigsby asked if he had any knowledge of drugs?

"A. You want me to—well he stated that he, to my knowledge, was trying to stay away from drugs, that he had just gotten out of prison and was on parole for drugs."

Defendant objected to these responses, and the trial judge immediately instructed the jury not to consider the testimony. "[A] motion for mistrial in cases less than capital is addressed to the trial judge's sound discretion, and his ruling thereon (without findings of fact) is not reviewable without a showing of gross abuse of discretion." *State v. Daye,* 281 N.C. 592, 596, 189 S.E. 2d 481, 483 (1972). No abuse of discretion is shown here. Defendant's second argument is overruled.

**[3]** In defendant's final argument he contends that the evidence was insufficient to support a conviction and asserts that his motion for nonsuit should have been granted. It is well known that on a motion for nonsuit the evidence is to be considered in the light most favorable to the State.

Neither party has cited the following case which, in our opinion, controls the disposition of this argument. In *State v. Glaze,* 24 N.C. App. 60, 210 S.E. 2d 124 (1974), the defendant moved for nonsuit, arguing that the evidence showed only that burglary tools were found under the hood of a car that the defendant was driving, but did not own. We noted that had the defendant owned the car, an inference that he was in constructive possession would have arisen. *State v. Glaze, supra* at 64. Because the owner of the car could have placed the tools under the hood, the defendant there contended that the inference should not be allowed.

The same argument is made here. While it is true that people viewing the wreck milled about the car driven by

defendant, the trial judge found that "no one opened the doors or got in the car at any time after Fisher arrived. . . . " The car had been in defendant's exclusive control for three days when the accident occurred.

In *Glaze* we said:

"The driver of a borrowed car, like the owner of the car, has the power to control the contents of the car. Thus, where contraband material is under the control of an accused, even though the accused is the borrower of a vehicle, this fact is sufficient to give rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury. The inference is rebuttable, and if the owner of a vehicle loans it to an accused without telling him what is contained within the vehicle, the accused may offer evidence to that effect and thereby rebut the inference.

"In the case at bar defendant offered no evidence concerning his knowledge of the contents of the car. In fact, the evidence indicates that defendant had control over the car and its contents. We believe, accordingly, that the State may overcome a motion for nonsuit by presenting evidence which places the accused within such close juxtaposition to the contraband as to justify the jury in concluding that the contraband was in the accused's possession. *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706."

Defendant's motion for nonsuit was properly denied.

No error.

Judges PARKER and ARNOLD concur.