STATE OF NORTH CAROLINA v. RONNIE LEE BEAVER AND JOHNNY LAWRENCE WILLIAMS

No. 7825SC150

(Filed 15 August 1978)

**Searches and Seizures § 11— warrantless search of vehicle—item in plain view— no probable cause to believe item contraband—search and seizure improper**

Since an officer, who had stopped defendants' vehicle because of a defective taillight, had neither a good faith belief that white powder residue in a shot glass held by one defendant between his legs was contraband or evidence

of a crime or reasonable grounds to form such a belief, he did not have probable cause to seize the shot glass, even though it was in plain view, and the trial court therefore erred in admitting the shot glass and its contents into evidence; moreover, the arrest of defendants and the later search of their persons and vehicle clearly arose from and were based upon the information obtained by virtue of the unlawful seizure of the shot glass and its contents, and the evidence seized by virtue of these arrests and searches was the product of actions not authorized by law and, thus, "fruits of a poisonous tree" which should have been excluded from evidence.

ON writ of certiorari to review orders of *Ferrell, Judge*, entered 26 May 1975. Judgments entered 29 May 1975 in Superior Court, CATAWBA County. Heard in the Court of Appeals 2 June 1978.

The defendants were each charged with one count of felonious possession of marijuana with intent to distribute. The defendant, Ronnie Lee Beaver, was additionally charged with misdemeanor possession of amphetamines. Upon their pleas of not guilty to all charges, the jury returned verdicts of guilty as charged in each case. We allowed the defendants' petitions for writs of certiorari to review the judgments of the trial court sentencing each defendant to imprisonment for not less than three nor more than five years on the marijuana charge and sentencing Beaver to a concurrent sentence of imprisonment for two years on the amphetamine charge.

Evidence introduced by the State in the trial court tended to show that on 31 October 1974, at about 11:00 p.m., Deputy Sheriff Gary Poovey of the Catawba County Sheriff's Department was patrolling Highway #16 south of Newton, North Carolina, in the company of another officer. He observed an automobile with one taillight out leave the parking lot of a closed service station. He stopped the vehicle and asked the driver, the defendant, Johnny Lawrence Williams, for his operator's license. Williams stated he did not have the license with him. He got out of the vehicle and stood beside it with Officer Poovey. Although Williams did not have his driver's license in his possession, Poovey did not at that point have any intention of arresting him or issuing a citation of any type.

While standing near the open door of the vehicle, on the driver's side, Poovey observed the defendant, Ronnie Lee Beaver, sitting on the passenger side of the front seat and holding a "shot

glass" between his legs. Officer Poovey also observed a transparent type cup with a handle in the vehicle. The shot glass "had a white powder substance in it." On "impulse upon seeing the white substance in the glass, [Poovey] realized that it could be a controlled substance." He then bent over on the driver's side of the car, reached across the seat and picked up the glass. The time which elapsed between his observing the defendant Beaver and his picking up the glass constituted less than one minute.

Neither defendant had been placed under arrest at the time Officer Poovey picked up the glass. They made no threats, and Officer Poovey observed no weapons. Although officer Poovey had to bend somewhat to see inside the vehicle, he did not recall any movements by Beaver of his legs or hands. After seizing the glass, Officer Poovey could observe that the "white powder was stuck to the glass as if it had been wet and stuck there with dampness or something in the glass." He further testified that a film of a white substance covered the inside of the glass, but none would pour out.

Prior to being stopped, the driving of the defendant Williams had been more or less normal and, with the exception of the inoperative taillight, not unlawful. Officer Poovey had received no report of a breaking or entering of the service station at which he first observed the vehicle. There was no damage to the station, and Officer Poovey indicated that he had no reason to believe the building had been broken into.

Officer Poovey testified that he had not specialized in the field of narcotics and had no creditable training in the identification of narcotics, although he had been involved in prior drugs arrests. He stated that he could not determine what the white powder substance was solely by sight. He smelled the substance and still could not make such a determination.

Officer Poovey did not seek permission to search the vehicle before seizing the glass. His later request for permission to search the vehicle was denied by Williams. Having been denied permission to search the vehicle, Officer Poovey informed the defendants that he "was going to take them up to the office." Williams rode with Officer Poovey in the sheriff's department car, and the officer accompanying him rode with Beaver in the defendants' vehicle.

At no time did either defendant attempt to conceal the shot glass. Officer Poovey did not indicate that either defendant made any furtive movement or engaged in other conduct leading him to feel they had probably committed a criminal act or were armed or dangerous.

On the way to the sheriff's office, Officer Poovey called a narcotics agent, Officer Grady Conners, and asked him to meet them there and give assistance. Upon arrival at the sheriff's office, Conners was given the shot glass and performed a field test on the white powder residue. Upon his conclusion that the powder was an amphetamine substance, he searched the defendants and found a small amount of marijuana on Beaver.

Based upon these facts, Officer Conners typed an affidavit, which was then signed by Poovey, upon which a warrant to search the defendants' vehicle was obtained. In searching the vehicle pursuant to this warrant, five pounds of marijuana were discovered and seized.

The defendants in apt time moved to suppress evidence obtained as a result of the seizure of the shot glass and the resulting arrests and searches. This motion was denied by the trial court and the evidence previously referred to herein was admitted.

*Attorney General Edmisten, by Associate Attorney Thomas H. Davis, Jr., for the State.*

*Roberts and Planer, P.A., by Joseph B. Roberts, III, and Childers, Fowler & Whitt, by Max L. Childers, for the defendant appellants.*

MITCHELL, Judge.

We must initially consider whether the seizure of the shot glass by Officer Poovey was lawful. If it was not, the subsequent arrests of the defendants and searches of their persons and of the vehicle, based upon the fruits of the unlawful seizure, were not made lawful by the later determination that the powder contained in the shot glass was a type of amphetamine or by the finding of marijuana on the person of one of the defendants and in the automobile. The fruits of an unlawful search are not made lawful by the resulting discovery of contraband. *Mapp v. Ohio*, 367 U.S.

643, 6 L.Ed. 2d 1081, 81 S.Ct. 1684 (1961). Protection against unlawful searches and seizures extends to the guilty as well as to the innocent, and an unlawful search or seizure may not be made lawful by the resulting discovery or identification of incriminating evidence.

The State has not contended at trial or on appeal that the seizure of the shot glass containing the white powder residue was incident to a lawful arrest or pursuant to a search conducted under the authority of a search warrant. It is the State's contention, however, that the shot glass containing the white powder residue was in plain view between the legs of the defendant Beaver and was properly seized under the "plain view" exception to the requirement of a search warrant. We do not agree.

We recognize that the constitutional guarantee against unreasonable searches and seizures does not apply where materials identifiable as contraband are fully disclosed and open to the eye and hand and, thus, in plain view. *State v. Crews*, 286 N.C. 41, 209 S.E. 2d 462 (1974), *cert. denied*, 421 U.S. 987, 44 L.Ed. 2d 477, 95 S.Ct. 1990 (1975). In the present case, Officer Poovey testified that he could readily see the shot glass containing the film of white powder substance between Beaver's legs from the outside. of the vehicle at the time he lawfully stopped it due to the defective taillight. The mere fact that an officer does not have to search in order to see an item does not entitle him to seize that item. Any inquiry into the lawfulness of the seizure must go further, as the limits of reasonableness which are placed upon searches are equally applicable to seizures. Whether a seizure is reasonable, and therefore constitutional, is to be determined upon the facts giving rise to the individual case. 11 Strong, N.C. Index 3d, Searches and Seizures, § 1, p. 485. An object in plain view may be seized in a constitutional manner only when the officer seizing it has probable cause to believe that the object constitutes contraband or evidence of a crime. *See Coolidge v. New Hampshire*, 403 U.S. 443, 29 L.Ed. 2d 564, 91 S.Ct. 2022, *reh. denied*, 404 U.S. 874, 30 L.Ed. 2d 120, 92 S.Ct. 26 (1971).

Here, Officer Poovey observed only a shot glass containing a film of a white substance appearing to be some type of white powder. We cannot say that sighting such a glass, nothing else appearing, gave rise to a reasonable belief that the white powder

substance was contraband or evidence of a crime. We note that Officer Poovey did not testify that, by virtue of his training as a law enforcement officer or his familiarity with controlled substances and those using them in his community, he had any particular reason to know that shot glasses or other types of glasses were commonly used in connection with the use or sale of narcotics in such manner as to leave a similar white film residue. The State could not contend, therefore, in this case that Officer Poovey was possessed of special training or experience in the area of the sale or use of narcotics which could have caused him to form a reasonable belief, and thereby probable cause to believe, that the white powder residue film in the shot glass indicated that the powder was probably contraband or evidence. A good faith belief is not enough to constitute probable cause, unless the " 'faith is grounded on facts within knowledge of the [officer] which, in the judgment of the court, would make his faith reasonable.' " *Carroll v. United States*, 267 U.S. 132, 161-162, 69 L.Ed. 543, 555, 45 S.Ct. 280, 288 (1925).

Additionally, in the present case, Officer Poovey did not testify that he formed a belief, reasonable or otherwise, that the white powder residue in the shot glass was contraband or evidence of a crime, until a field test was performed upon the residue after the glass had been seized. Officer Poovey testified only that, upon seeing the glass, he realized that it *could* have been a controlled substance. Later in his testimony he stated that, at the time he seized the glass, he thought it *might* contain a controlled substance. Officer Poovey did not testify, and the trial court did not conclude in its order, that he had reasonable grounds to believe or in fact believed that the white powder film in the shot glass was contraband or evidence, and the evidence would not have supported such finding. As Officer Poovey had neither a good faith belief that the white powder residue was contraband or evidence or reasonable grounds to form such a belief, he did not have probable cause to seize the shot glass, even though it was in plain view. The trial court therefore erred in admitting the shot glass and its contents into evidence. *Chambers v. Maroney*, 399 U.S. 42, 26 L.Ed. 2d 419, 90 S.Ct. 1975, *reh. denied*, 400 U.S. 856, 27 L.Ed. 2d 94, 91 S.Ct. 23 (1970); *Carroll v. United States*, 267 U.S. 132, 69 L.Ed. 543, 45 S.Ct. 280, 39 A.L.R. 790 (1925).

We do not think that our opinion in *State v. Wolfe*, 26 N.C. App. 464, 216 S.E. 2d 470, *cert. denied*, 288 N.C. 252, 217 S.E. 2d 677 (1975), may be taken as requiring a different conclusion than that we have reached. In *Wolfe* we held a "plain view" seizure of a transparent plastic bag containing small tin foil packets to be constitutional. The sight of such packets together and in such a container would, we feel, cause any individual with training in the field of police science or experience in police work to form a reasonable belief that, when found in a motor vehicle, they contained a controlled substance. It is a fact of general knowledge or, in any event, a fact of police science so notoriously true as not to be subject to reasonable dispute that those who sell and use heroin and other controlled substances package them in this manner with great frequency. We, like the trial courts, may take judicial notice of such facts. 6 Strong, N.C. Index 3d, Evidence, § 3, p. 12. In the present case, however, we cannot say that a white powder residue in a glass gives rise to facts of general knowledge or facts of a particular science so notoriously true as to support a reasonable belief on the part of the seizing officer that he was seizing contraband or evidence of a crime. We think that, absent specific testimony indicating particular knowledge on the part of the officer making a belief that the white powder in the glass was contraband and establishing the basis for that knowledge, a white powder residue in a glass must be taken as equally indicative of lawful substances and conduct as of contraband or unlawful conduct. Such would give rise to a mere suspicion, which will not support a finding of probable cause. *Wong Sun v. United States*, 371 U.S. 471, 9 L.Ed. 2d 441, 83 S.Ct. 407 (1963). We find that *Wolfe* is, therefore, distinguishable from the present case and neither required nor permitted the admission of the shot glass or its contents into evidence.

The arrest of the defendants and the later search of their persons and vehicle clearly arose from and were based upon the information obtained by virtue of the unlawful seizure of the shot glass and its contents. The evidence obtained by virtue of these arrests and searches was the product of actions not authorized by law and, thus, "fruit of the poisonous tree" which should have been excluded from evidence. *See Wong Sun v. United States*, 371 U.S. 471, 9 L.Ed. 2d 441, 83 S.Ct. 407 (1963), *and Mapp v. Ohio*, 367 U.S. 643, 6 L.Ed. 2d 1081, 81 S.Ct. 1684 (1961).

For the reasons previously set forth, we hold that, as to all charges, each defendant is entitled to and must be granted a

New trial.

Judges PARKER and HEDRICK concur.