STATE OF NORTH CAROLINA v. MITCHELL JOHN GRAY

No. 8112SC699

(Filed 2 February 1982)

1. **Arrest and Bail § 3.4; Searches and Seizures § 12— investigatory stop—probable cause for arrest—search incident to arrest**

An officer had a reasonable suspicion that defendant was involved in criminal activity so as to justify his investigatory stop and detention of defendant where the officer had received a report from a fellow officer that defendant was driving a vehicle with expired temporary license tags. The officer then had probable cause to arrest defendant when he observed that the temporary license tags on defendant's vehicle had been expired for over a month, and the officer could lawfully search defendant's person as an incident to the lawful arrest.

2. **Criminal Law § 75.7; Searches and Seizures § 9— no custodial interrogation—Miranda warnings not required—seizure of pills found on defendant—use of defendant's statement to show probable cause**

Where a police officer searched defendant as an incident to his lawful arrest and discovered a plastic bag containing 50 blue-green pills in defendant's coat pocket, there was no custodial interrogation requiring the officer to give defendant the *Miranda* warnings when the officer asked defendant what the pills were and defendant stated that they were LSD; therefore, defendant's statement was not the product of any illegality on the part of the officer, the officer could rely on defendant's statement in determining that there was probable cause to believe that the bag of pills was contraband, and the officer could thus lawfully seize the pills.

3. **Criminal Law § 73.3— testimony not hearsay**

An officer's voir dire testimony that he was told by another officer that defendant was driving a vehicle with expired license tags was not inadmissible hearsay since the testimony was not offered to prove that defendant was driving with expired tags but was offered to prove that the officer was told by another that defendant was driving with expired tags.

APPEAL by defendant from *Lee, Judge.* Judgment entered 2 April 1981 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals on 9 December 1981.

Defendant was charged in a proper bill of indictment with the felonious possession of Lysergic Acid Diethylamide (LSD) in violation of G.S. § 90-95(a)(3). Upon defendant's motion to suppress any evidence relating to his possession of LSD, the trial court conducted a hearing at which the State presented evidence which tended to show the following:

On 12 November 1980, defendant was observed operating a black and brown Monte Carlo automobile by Joseph Herman, a deputy sheriff. Shortly thereafter, Deputy Herman was advised by Lonnie Sanders, another deputy sheriff on duty, that the black and brown Monte Carlo had just passed Sanders and was being operated with expired temporary license tags about which defendant had been warned two weeks earlier. Deputy Herman stopped defendant and observed that the temporary tags on the vehicle had expired on 5 October 1980. Deputy Herman then arrested defendant for operating a motor vehicle with expired license tags. Thereafter, Deputy Herman searched defendant and found, in defendant's left front coat pocket, a small plastic bag containing fifty blueish green pills. When Deputy Herman pulled the package out, he asked defendant what it was and defendant stated it was LSD. Deputy Herman then placed the pills in his vehicle and asked defendant what he was going to do with them. Defendant stated that he was going to sell them.

Defendant presented no evidence at the hearing, and the court entered findings of fact and conclusions of law. The court concluded the pills were seized pursuant to a lawful arrest, and denied defendant's motion to suppress insofar as it related to the admission of the pills into evidence. The court allowed the defendant's motion to suppress the defendant's statements that the pills were "LSD" and that he intended to sell them.

Upon the court's denial of the defendant's motion to suppress the pills as evidence, the defendant entered the plea of guilty, and appeals to this Court from a judgment imposing a prison sentence of not less than three years nor more than five years.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General David Gordon, for the State.*

*Assistant Public Defender Orlando F. Hudson, Jr., for the defendant appellant.*

HEDRICK, Judge.

Defendant assigns as error the trial court's finding and conclusion that the search of the defendant and the seizure of the pills from defendant were pursuant to a lawful arrest. This

assignment of error may be resolved by an inquiry into the propriety of each stage in the chain of events beginning with the original detention of defendant by Deputy Herman and including the subsequent arrest of defendant, the search of defendant after the arrest, and Deputy Herman's seizure of the pills found upon searching defendant.

[1]   A police officer's limited investigatory detention of an individual may, consistent with the Fourth Amendment, be made when the officer has a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity. *State v. Tillett*, 50 N.C. App. 520, 274 S.E. 2d 361, *appeal dismissed*, 302 N.C. 633, 280 S.E. 2d 448 (1981); *State v. Thompson*, 296 N.C. 703, 252 S.E. 2d 776, *cert. denied*,   444 U.S. 907, 62 L.Ed. 2d 143, 100 S.Ct. 220 (1979). The standard required of mere investigatory detentions is less exacting than the traditional notion of probable cause, which is the applicable standard for arrests. *State v. Thompson, supra.* In determining whether a police officer had a reasonable suspicion warranting an investigatory detention, the circumstances should be viewed through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training. *State v. Thompson, supra.*

In the present case, the State presented evidence that Deputy Herman stopped defendant's vehicle only after having heard a report from a fellow deputy sheriff that defendant was driving with expired temporary license tags in violation of G.S. §§ 20-79.1, -111. Since Deputy Herman had been so informed by a fellow officer, he was cognizant of objective and articulable facts which would support a reasonable suspicion that defendant was involved in criminal activity. Hence, Deputy Herman's detention of defendant was proper.

"An arrest is *constitutionally* valid whenever there exists probable cause to make it." *State v. Wooten*, 34 N.C. App. 85, 88, 237 S.E. 2d 301, 304 (1977). Probable cause exists when the facts and circumstances known to the arresting officer at the time of arrest were sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense. *State v. Mangum*, 30 N.C. App. 311, 226 S.E. 2d 852 (1976). Furthermore, "[a]n officer may arrest without a warrant any person who the officer has probable cause to believe has committed a criminal

offense in the officer's presence." G.S. § 15A-401(b)(1); *State v. Wooten, supra.* Any incriminating evidence which comes to the officer's attention during a valid investigatory detention may establish a reasonable basis for finding the probable cause necessary for effecting a warrantless arrest. *State v. Rudolph,* 39 N.C. App. 293, 250 S.E. 2d 318, *disc. rev. denied, appeal dismissed,* 297 N.C. 179, 254 S.E. 2d 40 (1979).

In the present case, Deputy Herman had lawfully detained defendant and observed that defendant's temporary license tags had been expired for over a month, in violation of G.S. §§ 20-79.1, -111. Deputy Herman thereupon had reasonable grounds to believe that defendant was committing an offense in his presence. Deputy Herman's arrest of defendant, therefore, was proper. Furthermore, since an arresting officer may, consistent with the Fourth Amendment, conduct a warrantless search of the person lawfully arrested, *State v. Nesmith,* 40 N.C. App. 748, 253 S.E. 2d 594 (1979), Deputy Herman's search of defendant incident to the lawful arrest was proper.

[2] The remaining question to be resolved under this assignment of error is the propriety of the seizure, by Deputy Herman, of the pills found on defendant's person. That an officer is within constitutional bounds in discovering the presence of an item on the person of one whom he searches is not alone sufficient to justify the officer's seizure of that item. *State v. Beaver,* 37 N.C. App. 513, 246 S.E. 2d 535 (1978). "Any inquiry into the lawfulness of the seizure must go further, as the limits of reasonableness which are placed upon searches are equally applicable to seizures." *State v. Beaver, supra,* at 517, 246 S.E. 2d at 538. An item may be seized in a constitutional manner only when the officer seizing it has probable cause to believe that the object constitutes contraband or evidence of a crime. *State v. Beaver, supra.*

In the present case, Deputy Herman, upon finding the plastic bag of pills on defendant asked defendant what it was, and defendant stated that it was LSD. It was only then that Deputy Herman seized the pills, but at that point he had been apprised of sufficient information to warrant a reasonable belief that the bag of pills was contraband and evidence of a crime.

Defendant contends, however, that "[t]he pills were seized as a controlled substance solely by the exploitation of an illegality,

i.e. . . . the officer gained knowledge that they were a controlled substance by improperly interrogating the defendant," without first instructing defendant of his rights under *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed. 2d 694, 86 S.Ct. 1602 (1966). We hold, however, that the statement by defendant that the pills were "LSD" was not procured by a custodial interrogation requiring the safeguards of *Miranda*.

*State v. Ratliff*, 281 N.C. 397, 189 S.E. 2d 179 (1972), involved a defendant's appeal from a conviction for murder. Defendant had been arrested by a police officer for carrying a concealed weapon. At the time of the arrest, the officer had no knowledge that a murder had been committed and did not suspect defendant of murder or any capital felony. He informed defendant of his *Miranda* rights and noticed that three chambers in defendant's gun were empty. The officer then asked defendant, without securing any waiver of his *Miranda* rights, where defendant had been and what defendant had been shooting. Defendant replied that he had just shot a woman. The court, on appeal, refused to suppress defendant's inculpatory statement, holding that *Miranda* was inapplicable, and that the conversation between the officer and the defendant was not an in-custody interrogation of a murder suspect and pointing out that "[i]t was no incommunicado interrogation of an individual in a police dominated atmosphere." *State v. Ratliff, supra* at 407, 189 S.E. 2d at 185.

The atmosphere in the present case was similarly not police dominated, and defendant was not held incommunicado. The focus and arrest of defendant was for driving with expired temporary license tags, not possession of LSD. "[T]he holding in *Miranda* was designed to protect an accused from *coercive* police practices." *State v. Porter*, 303 N.C. 680, 694, 281 S.E. 2d 377, 386 (1981). "[T]o constitute an 'interrogation' within the meaning of *Miranda*, the conduct of the police must involve a measure of compulsion." *State v. Porter, supra* at 692, 281 S.E. 2d at 385-86. In the present case, there were no circumstances of compulsion nor of coercive police practices, and the question asked of defendant pertained to items totally unrelated to anything with which he was charged at the time of questioning. Under these circumstances, there was no custodial interrogation of defendant, and Deputy Herman was not required to advise defendant of his rights under *Miranda*. Defendant's statement that the pills were "LSD" was therefore not the

product of any illegality on the part of Deputy Herman, and Deputy Herman could therefore rely on defendant's statement in determining whether there was probable cause to believe that the bag of pills was contraband. Even if Deputy Herman were not allowed to rely on the defendant's statements, the mere sighting by Deputy Herman of a plastic bag of fifty blueish green pills was sufficient to enable Deputy Herman to form a reasonable belief that the pills were contraband. *See State v. Beaver, supra.* Hence, Deputy Herman's seizure of the pills was proper and this assignment of error is overruled.

[3]　Finally, defendant makes two assignments of error regarding the court's admission at *voir dire* of testimony by Deputy Herman that he was told by Deputy Sanders that defendant was driving with expired tags. Defendant argues that this testimony was inadmissible hearsay and that it violated his constitutional rights to confront witnesses against him.

The assertion of any person, other than that of the witness himself in his present testimony, is not hearsay when offered into evidence for some purpose other than to prove the truth of the matter asserted. *State v. Hood,* 294 N.C. 30, 239 S.E. 2d 802 (1978). Furthermore, " '[t]he declarations of one person are frequently admitted to evidence a particular state of mind of another person who heard or read them . . . to explain his subsequent conduct.' 1 Stansbury's N.C. Evidence § 141 (Brandis rev. 1973) at 467-71." *State v. Irick,* 291 N.C. 480, 498, 231 S.E. 2d 833, 844-45 (1977).

The challenged evidence in the present case was not offered to prove that defendant was driving with expired tags, but to prove that Deputy Herman *was told* by a fellow officer that defendant was driving with expired tags. The evidence tended to show that Deputy Herman had received information which would justify his forming a reasonable suspicion that defendant was involved in criminal activity. As such, the evidence was not hearsay. Similarly, admission of the testimony in no way deprived defendant of an opportunity to confront the evidence that Deputy Herman had received such information. Defendant had ample opportunity to cross-examine Deputy Herman on the veracity of his statement that he had received information from another officer about defendant's offense. These two assignments of error are without merit.

We hold that the evidence adduced at *voir dire* supports the court's critical findings of fact, which in turn support the order denying defendant's motion to suppress.

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Robert M.) concur.