STATE OF NORTH CAROLINA,
v.
TARA JOAN REEL, Defendant.
No. COA09-736.
Court of Appeals of North Carolina.
Filed February 2, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Martin T. McCracken, for the State.
Betsy J. Wolfenden for defendant-appellant.
GEER, Judge.
Defendant Tara Joan Reel appeals pursuant to N.C. Gen. Stat. § 15A-979(b) (2009) from an order denying her motion to suppress. Defendant contends that the evidence seized at the scene of her arrest was the product of an unconstitutional investigatory stop. We hold that, assuming arguendo that defendant was stopped, the arresting officer possessed the requisite reasonable suspicion to make the stop. We, therefore, affirm.

Facts
The trial court's unchallenged findings of fact establish the following. On or about 21 September 2007, Detective Mike Berensen of the Durham Police Department ("Durham PD") received a report from the Garner Police Department ("Garner PD") that a drug sale was going to take place at a location within the jurisdiction of the Durham PD. For this investigation, the Garner PD was using a confidential informant with whom Detective Berensen was familiar. The Garner PD subsequently advised Detective Berensen that the location for the planned transaction had been changed to a location across the street at a restaurant located on Airport Boulevard in Wake County.
On the evening of 21 September 2007, Detective Berensen and five other Durham PD officers conducted surveillance of the location so they could follow one of the suspects, Kelvin Beatty, and continue to monitor his actions in Durham. Detective Berensen recognized Beatty and knew him to be a drug dealer who had previously been involved in selling heroin.
After the suspected drug transaction was completed, Beatty drove away from the restaurant and stopped his vehicle at a nearby intersection. Shortly afterwards, a burgundy Ford Explorer pulled up beside it. Defendant, whom Detective Berensen knew was a recovering heroin addict and past informant for the Durham PD, emerged from the Explorer, walked around to the driver's side of Beatty's vehicle, leaned down on the driver's side window for a few seconds, and then returned to the Explorer. Based upon his training and experience and his knowledge of Beatty and defendant, Detective Berensen believed that he had just witnessed a drug transaction.
Because he was in Wake County at the time and outside of his jurisdiction, Detective Berensen contacted Detective Benjamin Farrell of the Morrisville Police Department and told Detective Farrell what he had witnessed. Detective Berensen also gave Detective Farrell a description of the vehicle. Detective Farrell drove to Airport Boulevard and saw a burgundy Explorer in a parking lot. Detective Farrell exited his vehicle and walked over to the Explorer, which contained defendant, and he identified himself as a police officer. As defendant opened her mouth to respond, Detective Farrell observed that defendant appeared to have something in her mouth. Detective Farrell asked defendant what was in her mouth. With garbled speech, defendant responded that she had an abscess. As defendant spoke, Detective Farrell observed what appeared to be the corner of a small plastic baggie inside her mouth. Believing the baggie contained a controlled substance, Detective Farrell twice told her to spit out the item inside her mouth. Defendant declined to follow the officer's directive.
As Detective Farrell was instructing defendant to spit out the object, Detective Berensen arrived at the scene and, calling defendant by name, instructed her to "spit it out." Defendant complied and spit out a small plastic baggie into her hand. Shortly thereafter she spit out a number of other small plastic bags onto the hood of the car. Each plastic bag contained an off-white powdery substance later identified as heroin.
Defendant was arrested and charged with possession of heroin. Subsequently, she filed a motion to suppress any evidence seized at the scene of her arrest. Following a hearing on the motion, the trial court concluded that based upon the totality of the circumstances, Detective Farrell had reasonable suspicion to approach defendant's vehicle in a public place; that Detectives Farrell and Berensen had probable cause to believe that defendant had an illegal substance in her mouth; and that the officers acted lawfully in instructing defendant to spit out the substance in her mouth in order to prevent the destruction of evidence or harm to defendant if she swallowed the bags. Accordingly, the court denied the motion to suppress.
Following the denial of the motion, defendant pled guilty to possession of heroin, although she reserved the right to appeal the denial of her motion to suppress. The court imposed a suspended sentence of six to eight months imprisonment and placed defendant on supervised probation for a period of 42 months. Defendant timely appealed to this Court the denial of her motion to suppress.

Discussion
Appellate review of a trial court's order denying a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." State v. Cooke, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). When unchallenged by an assignment of error or exception, as here, the trial court's findings of fact are deemed to be supported by competent evidence and are also binding on appeal. State v. Baker, 312 N.C. 34, 37, 320 S.E.2d 670, 673 (1984). Consequently, our review is limited to determining whether the findings of fact support the conclusions of law that the officers acted lawfully and that defendant's rights were not violated. See State v. Roberson, 163 N.C. App. 129, 132, 592 S.E.2d 733, 736 (explaining that where appellant did not assign error to trial court's findings, review was "to determine only whether the findings of fact support the legal conclusion" that circumstances surrounding officer's stop of defendant did not give rise to reasonable, articulable suspicion of wrongdoing), disc. review denied, 358 N.C. 240, 594 S.E.2d 199 (2004).
The Fourth Amendment protects individuals "against unreasonable searches and seizures," and the North Carolina Constitution provides similar protection. State v. Styles, 362 N.C. 412, 414, 665 S.E.2d 438, 439 (2008) (quoting U.S. Const. amend. IV and citing N.C. Const. art. I, § 20). A brief investigatory stop of an individual by a law enforcement officer does not violate the Fourth Amendment when the stop is "justified by `a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity.'" State v. Watkins, 337 N.C. 437, 441, 446 S.E.2d 67, 70 (1994) (quoting Brown v. Texas, 443 U.S. 47, 51, 61 L. Ed. 2d 357, 362, 99 S. Ct. 2637, 2641 (1979)). Although the State argues in this case that Detective Farrell did not "stop" defendant, within the meaning of the Fourth Amendment, when he approached defendant's already-parked vehicle, we need not address that issue since we have concluded that Detective Farrell, in any event, had the necessary reasonable suspicion.
In determining whether an officer had a reasonable suspicion of criminal activity, the court must examine both the facts known to the officer at the time he decided to approach the defendant and the rational inferences that may be drawn from those facts. State v. Thompson, 296 N.C. 703, 706, 252 S.E.2d 776, 779, cert. denied, 444 U.S. 907, 62 L. Ed. 2d 143, 100 S. Ct. 220 (1979). In making this determination, "the court must view the totality of the circumstances through the eyes of a reasonable and cautious police officer at the scene." State v. Battle, 109 N.C. App. 367, 370, 427 S.E.2d 156, 158 (1993).
"If the officer making the investigatory stop (the second officer) does not have the necessary reasonable suspicion, the stop may nonetheless be made if the second officer receives from another officer (the first officer) a request to stop the vehicle, and if, at the time the request is issued, the first officer possessed a reasonable suspicion that criminal conduct had occurred, was occurring, or was about to occur." Id. at 370-71, 427 S.E.2d at 159. Accord State v. Zuniga, 312 N.C. 251, 260, 322 S.E.2d 140, 145 (1984) (holding second officer may rely on bulletin from first officer calling for defendant's detention as probable cause for arrest when "originating [first] officer himself had probable cause"); State v. Tilley, 44 N.C. App. 313, 317, 260 S.E.2d 794, 797 (1979) (holding arrest of defendant by second officer was justified based on first officer's request to take defendant into custody when first officer had probable cause for arrest).
Moreover, even if the first officer did not request that the second officer stop the vehicle, "the collective knowledge of both officers may form the basis for reasonable suspicion by the second officer, if and to the extent the knowledge possessed by the first officer is communicated to the second officer." Battle, 109 N.C. App. at 371, 427 S.E.2d at 159. Accord State v. Gray, 55 N.C. App. 568, 570, 286 S.E.2d 357, 359 (1982) (holding officer's investigatory stop of vehicle justified when officer observed defendant's vehicle being operated on highway and shortly thereafter heard radio report from another officer that defendant's vehicle had expired license tags).
In this case, Detective Berensen had 24 years of experience with the Durham PD and had made more than 1,000 drug arrests in his career. He witnessed what he believed, based on his experience, to be a drug transaction between defendant, a person known to him as having a history of consuming heroin, and Beatty, a person known to him as having a history of selling heroin. After witnessing the transaction, Detective Berensen communicated his knowledge of the circumstances to Detective Farrell. Armed with this information, Detective Farrell then approached defendant. Given the totality of these circumstances, we conclude that Detective Farrell possessed the requisite reasonable suspicion to investigate whether defendant possessed a controlled substance. Defendant's constitutional rights were not, therefore, violated by any stop and the seizure of the packets of heroin. Accordingly, we affirm the order denying defendant's motion to suppress.
Affirmed.
Judges McGEE and ROBERT HUNTER, JR. concur.
Report per Rule 30(e).