IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-269

Filed 2 July 2025

Beaufort County, No. 20JB000010-060

IN THE MATTER OF: J.B.P.

Appeal by the State from orders entered 7 and 28 October 2022 by Judge Keith B. Mason in Beaufort County District Court. Heard in the Court of Appeals 28 November 2023.

*Attorney General Jeff Jackson, by Special Deputy Attorney General Zachary K. Dunn, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Wyatt B. Orsbon, for Defendant-Appellee.*

CARPENTER, Judge.

The State appeals from two orders: one granting the motion to suppress filed by J.B.P.[1] (the "Juvenile") and another dismissing the charges against the Juvenile. On appeal, the State argues the trial court incorrectly granted the motion to suppress and dismissed the Juvenile's charges due to the erroneous conclusion that officers lacked probable cause to search the Juvenile's vehicle. After careful review, we agree with the State. Accordingly, we vacate in part and reverse and remand in part.

## I. Factual & Procedural Background

---

[1] Initials are used to protect the identity of the Juvenile. *See* N.C. R. App. P. 42(b).

On 22 September 2022, the Beaufort County Sheriff's Office filed delinquency petitions[2] against the Juvenile in Beaufort County District Court following a traffic stop and search of the Juvenile's vehicle. The petitions alleged the Juvenile was delinquent because he was in possession of marijuana with the intent to sell or distribute and a concealed handgun without a permit. On 3 October 2022, the Juvenile filed a motion to suppress, arguing the evidence obtained from the search of his vehicle violated the Fourth Amendment of the United States Constitution. On 6 October 2022, the trial court conducted a hearing on the matter and the evidence tended to show the following.

On 22 September 2022, Narcotics Investigator Jason Cleary and Lieutenant Russell Davenport, both with the Beaufort County Sheriff's Office, were surveilling a residence suspected to be involved in the distribution of controlled substances. As Lieutenant Davenport drove by the residence, he passed a silver Dodge Charger parked in front of the residence and smelled what he perceived to be the odor of marijuana in the vehicle's vicinity. After running the vehicle's tag, officers determined the vehicle belonged to the Juvenile.

---

[2] "A juvenile petition is the pleading in a juvenile delinquency proceeding" that "must 'contain a plain and concise statement, without allegations of an evidentiary nature, asserting facts supporting every element of a criminal offense and the juvenile's commission thereof with sufficient precision clearly to apprise the juvenile of the conduct which is the subject of the allegation.'" *In re J.U.*, 384 N.C. 618, 621, 887 S.E.2d 859, 862 (2023) (quoting N.C. Gen. Stat. § 7B-1802 (2021)).

Later that day, after the Juvenile drove away from the residence in his vehicle, Investigator Cleary conducted a traffic stop of the Juvenile's vehicle. When Investigator Cleary approached the vehicle, he smelled what he believed to be marijuana emanating from inside the vehicle. When Investigator Cleary asked the Juvenile to step out of the vehicle, Investigator Cleary identified what he believed to be marijuana odor on the Juvenile's person. Based on the perceived marijuana odor, officers searched the vehicle and seized marijuana, a digital scale, and a handgun.

Investigator Cleary was employed with the narcotics unit for ten years and had hundreds of field experiences involving contact with marijuana. In addition, through the course of his ten years in the narcotics unit, Investigator Cleary participated in several annual narcotics training conferences and in-service trainings. As part of his training and field experiences, Investigator Cleary was trained on how to identify marijuana. According to Investigator Cleary, marijuana has a "very distinct strong smell" and hemp is "not as pungent and strong as marijuana."

Lieutenant Davenport was employed with the narcotics unit since 1997 and conducted approximately five-thousand narcotics investigations. Lieutenant Davenport also completed marijuana spotter school, and one thousand hours of training on marijuana detection. Furthermore, Lieutenant Davenport had field experience in investigating hemp versus marijuana distribution. According to Lieutenant Davenport, based on his training and experience, he could discern the difference between marijuana and hemp.

The Juvenile, through counsel, argued that marijuana odor emanating from a vehicle is not sufficient to establish probable cause for a search of that vehicle. That same day, the trial court orally granted the Juvenile's motion to suppress. On 28 October 2022, the trial court entered a written order memorializing its oral findings and ruling. In the order, the trial court concluded Investigator Cleary had a reasonable, articulable suspicion that the Juvenile's vehicle was involved in criminal activity, justifying the stop of the vehicle. The trial court, however, concluded "Investigator Cleary did not have probable cause to believe the [v]ehicle was carrying marijuana rather than legal hemp, or any other controlled substance which would have justified a warrantless search of the Juvenile's vehicle."

In reaching these conclusions, the trial court took notice of a State Bureau of Investigation ("SBI") 2019 memo (the "SBI Memo"). The SBI Memo was prepared as legislative guidance arguing against the General Assembly's passage of the Industrial Hemp Act ("IHA"). According to the SBI Memo, an officer's supposed sight or smell of marijuana, by itself, cannot establish probable cause of marijuana possession because marijuana is "indistinguishable" from hemp.

Because the trial court suppressed all the evidence against the Juvenile, the trial court entered an order dismissing the charges against the Juvenile. The State timely appealed from both orders.

## II. Jurisdiction

This Court has jurisdiction under N.C. Gen. Stat. §§ 7B-2602 and 7B-2604

- 4 -

(2023).

## III.  Issues

The issues are whether the trial court erred by (1) granting the motion to suppress and (2) dismissing the charges against the Juvenile.

## IV.  Analysis

The State argues the trial court erred by granting the motion to suppress and subsequently dismissing the charges against the Juvenile.  Specifically, the State contends the trial court erred by concluding that an officer's purported sight or smell of marijuana does not create probable cause to suspect marijuana possession.[3]  We agree with the State.

### A.  Standard of Review

We review an order granting or denying a motion to suppress to determine "whether the trial court's findings of fact are supported by competent evidence and whether those findings [of fact] support the conclusions of law." *State v. Alvarez*, 385 N.C. 431, 433, 894 S.Ed.2d 737, 739 (2023).  We review the trial court's conclusions of law de novo.  *State v. Biber*, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011). " 'Under a *de novo* review, [this Court] considers the matter anew and freely substitutes its own judgment for that of the lower tribunal.' "  *State v. Williams*, 362 N.C. 628, 632–

---

[3] The State does not challenge the trial court's decision to take judicial notice of the SBI Memo, so we will not address that issue.

33, 669 S.E.2d 290, 294 (2008) (quoting *In re Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

**B. Discussion**

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment applies to the States through the Due Process Clause of the Fourteenth Amendment. *State v. Campbell*, 359 N.C. 644, 659, 617 S.E.2d 1, 11 (2005). Generally, searches conducted without a warrant are "per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. U.S.*, 389 U.S. 347, 357, 88 S. Ct. 507, 514, 19 L. Ed. 2d 576, 585 (1967) (footnotes omitted). The automobile exception to the warrant requirement applies when there is probable cause to believe that a vehicle contains contraband, such as controlled substances. *See State v. Degraphenreed*, 261 N.C. App. 235, 241, 820 S.E.2d 331, 336 (2018).

Probable cause is "a reasonable ground for belief of guilt," *Brinegar v. U.S.*, 338 U.S. 160, 175, 69 S. Ct. 1302, 1311, 93 L. Ed. 1879, 1890 (1949), requiring only a reasonable probability of guilt, not absolute proof of guilt, *Illinois v. Gates*, 462 U.S. 213, 243 n.13, 103 S. Ct. 2317, 2335 n.13, 76 L. Ed. 2d 527, 552 n.13 (1983). The probable cause determination does not turn on the innocence or guilt of conduct—but instead on the "degree of suspicion that attaches to" the conduct. *Id.* at 243 n.13, 103 S. Ct. at 2335 n.13, 76 L. Ed. 2d at 552 n.13. " 'Probable cause exists where the facts and circumstances within their [the officers'] knowledge and of which they had

reasonable trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.' " *Degraphenreed*, 261 N.C. App. at 241, 820 S.E.2d at 335 (quoting *State v. Downing*, 169 N.C. App. 790, 795, 613 S.E.2d 35, 39 (2005)) (alteration in original).

Here, the trial court concluded the search of the Juvenile's vehicle violated the Fourth Amendment. In particular, the trial court concluded the officers did not have probable cause to believe the Juvenile's vehicle contained marijuana, as opposed to hemp, based on the odor of marijuana emanating from the vehicle. To reach this determination, the trial court took notice of the SBI Memo. Because of the IHA, the SBI, through the SBI Memo, indicated that police no longer have probable cause to suspect marijuana possession based solely off of the perceived sight or smell of marijuana.

Possession of marijuana is unlawful in North Carolina. *See* N.C. Gen. Stat. §§ 90-94(b)(1), -95(a)(3) (2023). As noted in the SBI Memo, however, the "cultivation, processing, and sale of industrial hemp" is lawful. *State v. Parker*, 277 N.C. App. 531, 539, 860 S.E.2d 21, 28 (2021) (citing N.C. Gen. Stat. § 106-568.50 (2019) (*expired pursuant to* N.C. Sess. Laws 2015-299)). Further, "[h]emp and marijuana look the same and have the same odor, both unburned and burned." *Id.* at 540, 860 S.E.2d at 28.

*Parker* recognized an issue created by the IHA: Because marijuana and hemp are so similar, does the perceived sight or smell of marijuana, without more, still

establish probable cause of marijuana possession for the search of a vehicle? 277 N.C. App. at 541, 860 S.E.2d at 29. *Parker* did not answer the question because there, officers "had more than just the scent of marijuana to indicate that illegal drugs might be present in the car." *See id.* at 541, 860 S.E.2d at 29.

Here, based on the SBI Memo, the trial court answered *Parker*'s question in the negative. But a prior legal interpretation of an agency—like the SBI—is not controlling or binding. *See State ex rel. Utils. Comm'n v. Pub. Staff-N.C. Utils. Comm'n*, 309 N.C. 195, 211–12, 306 S.E.2d 435, 444–45 (1983). The judicial branch— not the executive or legislative—is the final arbiter of the law. *Id.* at 212, 306 S.E.2d at 445; *see also Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177, 2 L. Ed. 60, 73 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is."); *Bayard v. Singleton*, 1 N.C. 5, 6–7, 1 Mart. 48, 49–50 (1787) (establishing the doctrine of judicial review in North Carolina, several years before *Marbury*). Thus, the SBI is not the ultimate arbiter of whether probable cause exists to support a search. *See Marbury*, 5 U.S. (1 Cranch) at 177, 2 L. Ed. at 73. The SBI may, as a matter of policy, instruct its agents not to investigate or charge under the circumstances described in the SBI Memo. The SBI, however, lacks authority to declare that an officer cannot establish probable cause under these circumstances. Notably, SBI decisions cannot bind the courts as probable cause determinations are for the courts to discern.

Moreover, the trial court misapprehended the question that must be answered when determining whether probable cause exists. The question is whether an officer, based on his or her training and experience, had reasonable grounds to believe that the suspect possessed marijuana. The question is not whether an officer can discern the difference between illegal marijuana or legal hemp, but rather, based on training and experience, whether the officer reasonably believes he or she smells marijuana. In this case, the trial court erred by granting the motion to suppress based on the SBI Memo's probable-cause analysis because the search of the Juvenile's vehicle did not violate the Fourth Amendment.

In *State v. Reel*, this Court considered whether the "plain smell" of marijuana was sufficient to establish probable cause for a search. ___ N.C. App. ___, ___, 910 S.E.2d 307, 315 (2024). Because the officer who identified the marijuana odor in *Reel* worked on hundreds of narcotics investigations and was experienced in identifying marijuana by smell, this Court concluded that the mere marijuana odor emanating from a residence was enough to create probable cause for a search. *Id.* at ___, 910 S.E.2d at 315.

Similarly, in *State v. Beaver*, this Court considered whether an officer's observation of "only a shot glass containing a film of white substance appearing to be some type of white powder" was enough for the basis of a probable cause determination and search. 37 N.C. App. 513, 517–18, 246 S.E.2d 535, 538–39 (1978).

The officer believed that the shot glass might have contained narcotics. *Id.* at 517–18, 246 S.E.2d at 538–39. But the officer

> did not testify that, by virtue of his training as a law enforcement officer or his familiarity with controlled substances and those using them in his community, he had any particular reason to know that shot glasses or other types of glasses were commonly used in connection with the use or sale of narcotics in such manner as to leave a similar white film residue.

*Id.* at 518, 246 S.E.2d at 539.

Because the officer in *Beaver* did not possess special training or experience in narcotics that could have made the officer's belief that the shot glass contained narcotics reasonable, we concluded probable cause did not exist. *Id.* at 517–19, 246 S.E.2d at 538–40. Specifically, we noted that "[a] good faith belief is not enough to constitute probable cause, unless the 'faith is grounded on facts within knowledge of the (officer) which, in the judgment of the court, would make his faith reasonable.'" *Id.* at 518, 246 S.E.2d at 539 (quoting *Carroll v. U.S.*, 267 U.S. 132, 161–62, 45 S. Ct. 280, 288, 69 L. Ed. 543, 555 (1925) (alteration in original)).

Here, Lieutenant Davenport, based on his training and extensive experience, smelled what he believed to be marijuana emanating from the Juvenile's vehicle as he drove past the vehicle. Next, after lawfully stopping the vehicle, Investigator Cleary smelled what he believed to be the odor of marijuana emanating from inside the vehicle. After asking the Juvenile to step out of the vehicle, Investigator Cleary also smelled marijuana on the Juvenile's person and observed what he believed to be

bits of marijuana on the floor of the vehicle. Like the officer in *Reel*, Lieutenant Davenport and Investigator Cleary received special narcotics training and had numerous field experiences in identifying marijuana based on odor and physical appearance.

Therefore, the officers' belief that they smelled marijuana odor from the vehicle based on their training and experience created a reasonable probability that the vehicle contained marijuana. *See Beaver*, 37 N.C. App. at 517–18, 246 S.E.2d at 538–39; *Reel*, ___ N.C. App. at ___, 910 S.E.2d at 315. Accordingly, officers had probable cause to believe the vehicle contained marijuana. *See Beaver*, 37 N.C. App. at 517–18, 246 S.E.2d at 538–39; *Reel*, ___ N.C. App. at ___, 910 S.E.2d at 315.

In the context of a motion to suppress, it is immaterial whether the Juvenile actually possessed an illegal substance. Indeed, the only requirement under the Fourth Amendment is that officers develop probable cause to believe the area being searched contained contraband, such as an illegal substance. *See Gates*, 462 U.S. at 243 n.13, 103 S. Ct. at 2335 n.13, 76 L. Ed. 2d at 552 n.13. Thus, because probable cause does not turn on actual innocence or guilt, it does not follow that the possibility of confusing marijuana with hemp prevents the existence of probable cause of marijuana possession. *See id.* at 243 n.13, 103 S. Ct. at 2335 n.13, 76 L. Ed. 2d at 552 n.13 (stating that "innocent behavior frequently will provide the basis for a showing of probable cause"). Accordingly, the warrantless search of the Juvenile's vehicle complied with the Fourth Amendment because officers had probable cause to

believe the vehicle contained marijuana.  *See Degraphenreed*, 261 N.C. App. at 241, 820 S.E.2d at 336.

## V.  Conclusion

The trial court erred by granting the motion to suppress and dismissing the charges against the Juvenile.  Contrary to the trial court's conclusion, an officer's sight or smell of what he or she reasonably believes to be marijuana, based on his or her training or experience, may create probable cause of marijuana possession.  Accordingly, we reverse the trial court's orders.

VACATED in part; REVERSED AND REMANDED in part.

Judges COLLINS and WOOD concur.