STATE OF NORTH CAROLINA v. PRINCE V. ALEXANDER

No. COA05-971

(Filed 18 April 2006)

**1. Evidence— hearsay—conversations leading to lineup—not introduced for truth of guilt**

An officer's testimony in an armed robbery prosecution about conversations with others was not hearsay because it was introduced to explain defendant's inclusion in a photographic

lineup, rather than for the truth of defendant's guilt. There was no plain error.

**2. Appeal and Error— preservation of issues—right to confrontation—no objection at trial**

Defendant did not preserve for appeal a Confrontation Clause issue where he did not object at trial. Moreover, the testimony (about conversations which led to a photographic lineup) was not hearsay and raised no Confrontation Clause concerns.

**3. Constitutional Law— failure to object—effective assistance of counsel**

Defense counsel's failure to object to testimony which was not hearsay and did not violate defendant's confrontation rights was not ineffective assistance of counsel.

Appeal by defendant from judgment entered 8 March 2005 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 8 March 2006.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Anne M. Middleton, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Julie Ramseur Lewis, for defendant-appellant.*

HUNTER, Judge.

Prince V. Alexander ("defendant") appeals from judgment of the trial court entered consistent with a jury verdict finding defendant guilty of robbery with a dangerous weapon. Defendant contends the trial court committed plain error in admitting hearsay evidence, and that he was denied effective assistance of counsel when his attorney failed to object to such evidence. For the reasons stated herein, we find no error in the judgment of the trial court.

On the morning of 23 September 2002, Sylvia Gyimah ("Gyimah") was working as a cashier at Carlton's 76 Service, a gasoline station located in Charlotte, North Carolina. Gyimah was alone in the store when defendant entered. Gyimah testified she recognized defendant because he was a customer and she had observed him outside the station spending time with friends. Gyimah stated that defendant was "[n]ormally . . . around the store." Gyimah did not know defendant's name, however, at that time. When defendant entered the store,

Gyimah greeted him, but he did not reply. As defendant passed her, he touched Gyimah's shoulder and she turned in response. When she turned, defendant pointed a gun at Gyimah's face and told her "to give him the money, or else he was going to shoot [her]." Gyimah opened the cash register and store safe, and defendant removed all of the cash, approximately $175.00. Defendant then left the store. Defendant's fingerprints were found on the interior glass of the gasoline station's front door.

Officer Chris Dozier ("Officer Dozier") of the Charlotte-Mecklenburg Police Department testified that, during his investigation of the robbery, one of the detectives in his unit informed him of an individual named Norbert Plaud ("Plaud") who claimed to have information regarding the crime. Officer Dozier met with Plaud, who gave him a partial name of "Vaughntray" and a description. Using this information, Officer Dozier "looked up the photograph of . . . the individual who [he] thought it may be based on his description and the name." "Vaughntray" is defendant's middle name. Officer Dozier presented Plaud with a photograph of defendant. After speaking with Plaud, Officer Dozier "[a]t this point [had] a suspect in mind [and] created a photograph lineup in order to show the victim." When shown the photographic lineup of six faces, Gyimah "almost immediate[ly]" selected defendant's photograph as the person who robbed the gasoline station.

Defendant testified that he lived near the gasoline station and was "freely in and out" of the store "basically every day." Defendant stated that he recognized Gyimah, having seen her at the gasoline station "many times." Defendant could not remember his whereabouts on the day of the robbery, but denied robbing the store.

Upon consideration of the evidence, the jury found defendant guilty of robbery with a dangerous weapon. The trial court sentenced defendant to seventy-two to ninety-six months imprisonment. Defendant appeals.

[1] In related assignments of error, defendant argues the trial court committed plain error in admitting the testimony of Officer Dozier regarding information allegedly supplied by Plaud. Defendant also assigns plain error to Officer Dozier's testimony regarding information given to him by one of the detectives in his unit. Defendant contends the evidence was inadmissible hearsay and violated his confrontation rights under the Sixth Amendment to the United States Constitution and Article I, Section 23 of the North Carolina

Constitution. Defendant concedes that he did not object to the testimony, and that this Court's review is therefore limited to that of plain error.

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. Gen. Stat. § 8C-1, Rule 801(c) (2005). "Out-of-court statements that are offered for purposes other than to prove the truth of the matter asserted are not considered hearsay." *State v. Gainey*, 355 N.C. 73, 87, 558 S.E.2d 463, 473 (2002). "Specifically, statements are not hearsay if they are made to explain the subsequent conduct of the person to whom the statement was directed." *Id.*

In the present case, Officer Dozier testified he was contacted by one of the detectives in his unit, who told him there was an individual who claimed to have "some information that may be important to one of [his] cases." Officer Dozier then spoke with Plaud. As a result of speaking with Plaud, he suspected defendant's involvement in the crime and therefore included his photograph in the lineup he presented to Gyimah.

We conclude Officer Dozier's testimony regarding his interaction with the detective and Plaud was nonhearsay and proper to explain his subsequent actions. It was not admitted to prove that the information Plaud offered was "important" or that someone named "Vaughntray" committed the crime. Rather, the testimony explained how Officer Dozier had received information leading him to form a reasonable suspicion that defendant was involved in the robbery, which in turn justified his inclusion of defendant's photograph in the lineup. *See id.* (holding that testimony by the witness regarding information he received from an anonymous informant was proper nonhearsay evidence admitted to explain his subsequent actions); *State v. Gray*, 55 N.C. App. 568, 573, 286 S.E.2d 357, 361 (1982) (holding that testimony by a police officer regarding information supplied to him by a fellow officer was not hearsay, in that it was not admitted to prove the truth of the matter asserted, but rather that the officer "had received information which would justify his forming a reasonable suspicion that [the] defendant was involved in criminal activity").

[2] Defendant also asserts that Officer Dozier's testimony violated his constitutional right to confrontation. This argument, however, is

**STATE v. ALEXANDER**

[177 N.C. App. 281 (2006)]

not properly before this Court, as defendant did not object to this testimony. "Constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal." *Gainey*, 355 N.C. at 87, 558 S.E.2d at 473. Even if defendant had properly objected, the admission of nonhearsay raises no Confrontation Clause concerns. *See id.* Accordingly, we overrule these assignments of error.

**[3]** By further assignments of error, defendant argues that his counsel's failure to object to Officer Dozier's testimony constituted ineffective assistance of counsel. We have already determined, however, that the testimony was nonhearsay evidence properly admitted by the trial court, and that its admission did not constitute a violation of defendant's confrontation rights. As such, defense counsel's failure to object to the testimony cannot constitute the basis of an ineffective assistance claim. These assignments of error are overruled.

In conclusion, we find no error in the judgment of the trial court.

No error.

Judges HUDSON and BRYANT concur.