An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-916
NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

STATE OF NORTH CAROLINA

v.                                    Rowan County
                                      Nos. 10 CRS 994, 50588
JOHN SMITH MCCOMBS, IV


Appeal by Defendant from judgments entered 10 April 2013 by Judge W. Erwin Spainhour in Rowan County Superior Court. Heard in the Court of Appeals 27 January 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Mabel Y. Bullock, for the State.*
>
> *Irving Joyner for Defendant.*


DILLON, Judge.


John Smith McCombs, IV ("Defendant") appeals from judgments entered upon his conviction for assault with a deadly weapon inflicting serious injury ("AWDWISI") and robbery with a dangerous weapon, challenging the trial court's denial of his motion to dismiss and alleging a violated his Sixth Amendment right to confrontation. Because we find substantial evidence that the victim sustained a "serious injury" for purposes of

AWDWISI, and because the out-of-court statements made to a State's witness were not admitted into evidence for their truth, we find no error.

Defendant and a companion robbed pizza deliveryman Juan Artiga at gunpoint on 23 January 2010. During the robbery, Mr. Artiga attempted to drive away but accidentally shifted his car into neutral. Hearing the engine rev, Defendant fired his gun and shot Mr. Artiga in the leg. Defendant then fled the scene, discarding the stolen pizzas as he ran. Mr. Artiga drove until he located a police officer, who called an ambulance. Mr. Artiga was taken to the hospital, treated, and released two hours later.

Defendant first challenges the trial court's denial of his motion to dismiss the AWDWISI charge based on a lack of substantial evidence that he inflicted a "serious injury" upon Mr. Artiga. Defendant notes the prosecution presented no testimony regarding the medical treatment provided to Mr. Artiga in the emergency room or the amount of pain he experienced as a result of his injury.

We find no merit to Defendant's claim. Our courts have long held that, "as long as the State presents evidence that the victim sustained a physical injury as a result of an assault by

the defendant, it is for the jury to determine the question of whether the injury was serious." *State v. Alexander*, 337 N.C. 182, 189, 446 S.E.2d 83, 87 (1994) (citing *State v. Joyner*, 295 N.C. 55, 65, 243 S.E.2d 367, 374 (1978)). Here, the State adduced evidence that the bullet passed through Mr. Artiga's leg, producing "a lot of blood" and necessitating treatment in the emergency room. *See State v. Hedgepeth*, 330 N.C. 38, 52-53, 409 S.E.2d 309, 318 (1991) (upholding peremptory instruction that "a bullet wound which is through and through, that is enters the flesh and exits the flesh[,] is a serious injury"). Photographs of the entry and exit wounds were admitted into evidence. Mr. Artiga further testified that he missed three weeks of work at the pizza restaurant and two weeks at his full-time job as a result of the gunshot, during which time he was bedridden and unable to walk. This evidence was substantial to support a jury finding of serious injury.

Defendant next challenges the trial court's admission into evidence of out-of-court statements made by siblings April and Hubert McCleave to Salisbury Police Officer Travis Shulenburger during the course of his investigation. Defendant claims that allowing Officer Shulenburger to recount the McCleaves' statements violated his Sixth Amendment right to confrontation

under *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177 (2004) and *Davis v. Washington*, 547 U.S. 813, 165 L. Ed. 2d 224 (2006). We review the trial court's ruling on this constitutional issue *de novo*. *See State v. Tate*, 187 N.C. App. 593, 599, 653 S.E.2d 892, 897 (2007).

The trial transcript reflects that the contested portion of Officer Shulenburger's testimony was not admitted for the truth of the matters asserted by the McLeaves but to explain the officer's subsequent conduct -- specifically, his inclusion of Defendant's picture in the photographic lineup presented to Mr. Artiga. The trial court instructed the jury "not to accept this testimony for the truth of . . . what they said at all. It's not made under oath and you may not consider it as truthful testimony in your deliberations." Rather, the court allowed the jury to receive the evidence solely "to explain what the officer did later as a result of this information, not for the truth of the matter asserted."

Defendant concedes the evidence at issue did not constitute hearsay, inasmuch as it was not offered for the truth of the matters asserted by the declarants to Officer Shulenberger. *See* N.C.R. Evid. 801(c); *State v. Call*, 349 N.C. 382, 409, 508 S.E.2d 496, 513 (1998). He suggests, however, that the

constitutional rule established in *Crawford* is not limited to hearsay evidence but applies to any "out-of-court testimonial statement" entered into evidence, even when not offered for its truth.

Defendant's argument is meritless. As this Court has recognized, the opinion in *Crawford* expressly provided that "[t]he Confrontation Clause 'does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.'" *State v. Miller*, 197 N.C. App. 78, 87, 676 S.E.2d 546, 552 (2009) (quoting *Crawford*, 541 U.S. at 59 n.9, 158 L. Ed. 2d at 197-98 n.9). Moreover, we have repeatedly held a declarant's out-of-court statement to police to be admissible for the precise purpose indicated here by the trial court. *See Tate*, 187 N.C. App. at 601-02, 653 S.E.2d at 898; *State v. Alexander*, 177 N.C. App. 281, 284, 628 S.E.2d 434, 436 (2006), *disc. review denied and appeal dismissed*, 361 N.C. 358, 644 S.E.2d 357 (2007). Accordingly, Defendant's objection is overruled.

NO ERROR.

Chief Judge MARTIN and Judge HUNTER, JR., concur.

Report per Rule 30(e).